CASE 36—PETITION ORDINARY—ATTACHMENT—JANUARY 18.

# Taylor vs. Taylor.

### APPEAL FROM M'LEAN CIRCUIT COURT.

1. A bond executed under section 242, Civil Code, *undertaking to perform the judgment*, discharges the attachment and renders all inquiry into the liability of the property attached or its value, needless; but the execution of such a bond by a claimant of the attached property, does not make him a party to the action.

2. The claimant of attached property must present his petition stating the nature of his claim. This petition is not required to be answered by the plaintiff in the attachment, nor any one else, but it is to be regarded as traversed; and this may be done after the issues between the original parties are entirely settled, and previous to the final disposition of the fund; or, if the claimant presents his petition before the issues between the original parties are settled, his claim may be investigated without awaiting the trial between them.

3. The claimant of attached property, who executed bond under section 242, Civil Code, *undertaking to perform the judgment*, is liable on the bond, although the prior lien preferred by him on the property was adjudged in his favor.

4. On a bond executed by a claimant of attached property, *undertaking to perform the judgment*, it was error in the circuit court to render judgment against such claimant enforcing the bond without rule or notice. Although those whose names appear to the bond cannot dispute the liability or value of the property, yet they may plead *non est factum* or idiotcy, lunacy, or other incapacity, such as *feme covert*, &c., and hence the necessity of some warning that judgment will be rendered unless some legal cause against it should be shown.

ALF. C. TANNER,　　　　　　　　　　　　　For Appellant,

CITED—

*Civil Code, sec.* 257 ; 2 *Met.*, 209, 445.

L. P. LITTLE,　　　　　　　　　　　　　　For Appellee.

Taylor vs. Taylor.

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

Appellee sued out an attachment on a debt secured by mortgage against H. Hawkins. The latter, with appellant, executed a bond under section 242, Civil Code, undertaking to perform the judgment, and not to produce the property to answer it, as authorized by section 235; which bond really discharged the attachment and rendered all inquiry into the liability of the property attached or its value, needless.

Appellant, however, preferred a prior lien on the property, and the court investigated the matter and adjudged in his favor as to it, but rendered judgment against him on the bond, without rule or notice of any kind, assigning as reason therefor that he was already a party. This is a misapprehension of section 257, which provides that " any person may, *before the sale of any attached property, or before the payment to the plaintiff of the proceeds thereof, or of any attached debt, present his petition, verified by oath, to the court, disputing the validity of the attachment*, or stating a claim to the property, or to an interest in, or lien on it, under any other attachment, or otherwise, and setting forth the facts on which such claim is founded, *and his claim shall be investigated.*" The claimant must present his petition stating the nature of his claim; but this is not to be answered by the plaintiff in the attachment, nor any one else, but it is to be regarded as traversed, and issue thereon; and this may be done after the issues between the original parties are entirely settled, and previous to the final disposition of the fund; or, if the claimant presents his petition before the issues between the original parties are settled, his claim may be investigated without awaiting the trial between them, because the whole section shows that it is a separate and distinct issue to be tried by different proceedings

and in a different manner—as it may be tried by the court, or referred to a commissioner, or decided by a jury, as the court may direct. There is to be no summons awarded, nor is he a party to their litigation; but they are parties to his claim, and as to that he holds the affirmative, and must make his claim good.

And though it seems to be intimated, in *Schwein vs. Simms* (2 *Met.*, 209), that he should be a party, yet the court regarded the claimant as a party in that case, and really the direct point was not decided; and a more critical review of the section shows he need not be a party to the original suit; with its litigation he has nothing to do. The issue to be tried as to him is the validity of the claim he prefers; and without further pleadings than his own petition in the case, all the parties are to be regarded as traversing his claim.

The bond discharging the attachment having been given, under section 242 not even a claim to the property by appellant could be investigated, because that was immaterial; the defendants had discharged the attachment, and no inquiry as to the property attached was pertinent. This was an attachment for the identical property mortgaged, therefore comes within the provisions of section 283, Civil Code, which directs that the "performance of bonds to obtain discharge of specific attachments, or for forthcoming of steamboats or *other property specifically attached*, may, in all cases, be summarily enforced by rules and proceedings as in cases of contempt," without reference to the general rule that all such bonds, executed after the commencement of the action, or in pursuance to an order of court, must be enforced by rule or upon notice; for although those whose names appear to the bond cannot dispute the liability or value of the property, yet they may plead

*non est factum,* or that of idiocy, lunacy, or other incapacity, such as *feme covert,* &c.; hence the necessity of some warning that judgment will be rendered unless some legal cause against it should be shown.

Ben. Taylor, in legal contemplation, was not therefore a party to these proceedings—especially was he no party to the judgment on the bond. Wherefore, the judgment thereon is reversed, and the cause remanded for further proceedings in conformity herewith.