CHIEF JUSTICE LINDSAY
delivered the opinion oe the court.
The first question to be determined on this appeal is the effect of the answer or plea filed by the appellee under the provisions of section 758 of the Civil Code of Practice (Bullitt’s). Said section provides as follows: “If the facts mentioned in section 757 be not shown by the record, the appellee may plead them by a verified answer, to which the appellant may file a verified reply; and the questions of law or fact thereon shall be heard and determined by the court on or after the day on which the case is set for trial.”
The facts mentioned in section 757 are: “That the appeal was improperly granted, or that the appellee’s right to prosecute it further had ceased.”
In this case there was a judgment for money to be enforced by execution, or by the sale of certain real estate, upon which appellee was adjudged to hold a lien. Appellee pleads, in effect, that the controversy, as to whether the judgment is for a greater sum than is authorized by the facts of the case, was compromised and settled by the parties; that he agreed to accept in full satisfaction of his judgment a smaller sum than was adjudged to him; that the appellant agreed to pay said sum; and that, in order to consummate and close their said agreement of compromise, appellant gave to the sheriff, who then had an execution in his hands, his check on the National Bank in Lancaster; and he says that after all this, and in violation of said consummated agreement, appellant directed the bank not to pay the check, and proceeded to prosecute this appeal. No reply was filed to this answer, and, for our present purposes, we will treat it as true in every respect.
The state constitution provides, that this court shall have none other than appellate jurisdiction (sec. 2, art. 4). "We may review, revise, and correct the judgments of courts of original jurisdiction, but with the single exception of removing clerks from office for cause, we can institute no original *730 inquiry, upon, or through which the rights of parties litigant are to be affected.
It may be that the appellee can have his action at law against the appellant, and recover damages for the alleged breach of contract, or possibly a court of equity would by injunction prevent its breach so far as the prosecution of this appeal is concerned. About these paatters, however, we express no opinion, for in no event has this court power or authority to afford either of said remedies.
If the unsuccessful party in a court of original jurisdiction occupies a fiducial relation, such as personal representative, guardian, trustee, or committee, and resigns or is removed from office, his right to prosecute the appeal terminates, and the fact of his resignation or removal may be brought to the notice of this court by answer, and the same may be done when the defendant becomes a bankrupt and the right of appeal is thereby passed to his assignee. There may be other cases in which matters of record may be brought to the notice of this court by pleadings filed under section 757, Civil Code of Practice. But here we have a case involving an inquiry as to the rights of the parties under a contract alleged to have been entered into subsequent to the date of the judgment appealed from, and which it is proposed to establish by evidence not presented by the record before us. We feel that we have not the constitutional power to institute an original inquiry, and to determine, by an original judgment, the legal consequences of said contract. The motion to dismiss the appeal must be overruled.
No question as to the sufficiency of the petition, or as to the form of the action, or as to the supposed defect of parties, was raised in the court below. Hence, errors numbers 1, 4, and 8 can not be considered in this court.
The judgment for $55 was correct. That sum was not . controverted.
*731 It is immaterial that Doty was the payee in the note. The appellees were the beneficiaries to the extent of one fourth part thereof; and Doty was, to that extent, indebted to them as the guardian of the female appellee.
The paper called an amended petition was in fact a reply to the set-offs pleaded in the answer, and it was properly allowed to be filed. The new matter set up in the reply was pertinent to the issue raised by the answer, and it should have been put in issue by a replication. This not having been done it was properly taken for confessed, and no proof was necessary to authorize the judgment rendered.
It was proper for the court below to assume from the record that the tract of one hundred and seventeen acres of land is susceptible of division.
"We perceive no error in the record prejudicial to the substantial rights.of appellants.
Judgment affirmed.