**108**        KENTUCKY REPORTS.        [Vol. 107

Vanmeter v. Fidelity Trust & Safety Vault Co., of Louisville, Ky.

CASE 19—INTERVENTION—OCT. 13.

# Vanmeter v. Fidelity Trust & Safety Vault Co. of Louisville, Ky.

APPEAL FROM FAYETTE CIRCUIT COURT.

1. INTERVENING PETITION—DEMURRER.—The withdrawal of an objection to the filing of an intervening petition is not a consent to the validity of the petition and does not preclude the party making it from attacking it by demurrer.

2. Same. In an action to enforce a chattel mortgage given to secure the payment of rent, an intervening petition questioning the plaintiff's title to the realty rented and asserting the right by agreement with plaintiff to redeem the property from an execution sale at which plaintiff had become the purchaser, does not set out matter proper to be litigated in an intervening petition.

Z. GIBBONS for appellant discussed the points indicated in the syllabus herein, and upon his contention against the said points, cited as follows: Ky. Stats., secs. 1689, 1789; Waller v. Tate, 4 B. M., 531; Jones on Mortgages, sec. 1229; Moriarity v. Vessey, 6 Bush, 117; Swigert v. Thomas, 7 Dana, 220.

THORNTON & KERR for appellees, upon the same points, made the following citations: Civil Code, sec. 29; 21 Am. & Eng. Ency. of Law, 203, 269; Pepper v. Donnelly, 87 Ky., 262; Kelsey v. Murray, 18 Abbott's Pr., 294; Tallman v. Hollister,—How. Pr., 508; Dayton v. Wilkes, 5 Boswell, 655; Judd v. Young, 7 How. Pr., 79;

Hawley v. Gordon, 9 Boswell, 656; Gasquet v. Johnson, 1 La., 431; Horn v. Volcano Water Co., 13 Cal., 62; Smith v. Gale, 144 U. S., 509; Dennis v. Spencer, 51 Minn., 259; Lewis v. Howard, 28 Minn., 428; Henry v. Travelers' Ins. Co., 16 Col., 179; Curtin v. Lathrop, 12 Col., 169; Kansas, &c., Ry. Co. v. Fitzgerald, 33 Nev., 137; Shannahan v. Stevens, 139 Ill., 428; Stansell v. Fleming, 81 Tex., 294; Robinson v. Crescent City, &c., Co., 93 Cal., 316; Morey v. Let, 18 Col., 128; King v. Olds (Texas 1888), S. W. Rep., 65; Del Rio Bldg. & Loan Assn. v. King, 71 Texas, 729; Limberg v. Higginbotham, 11 Col., 316; 5 Am. & Eng. Ency. of Law, 560; Bush v. Madera, 14 B. M., 213; Collins v. Blackburn, 14 B. M., 254; 3 Pomeroy's Eq. Jur., sec. 1195 and note; Conway v. Alexander, 7 Cranch, bot. p., 136, 149; Chase's Case, 1 Bland. Chancy. (Md.), 206; s. c. 17 Am. Dec., 455; Bennett v. Holt, 24 Am. Dec., 455; Wallace v. Smith, 155 Pa. St., 78; s. c. 35 Am. St. Rep., 868; 4 Kent Com., top p. 148; Baker v. Thrasher, 4 Denio, 493; Tygret v. Potter & Co., 97 Ky., 54; Robinson v. Cropsey, 2 Edw. Chan., 138; Slaughter's Admr. v. Gerson, 13 Wallace, 385; Andrus v. St. Louis Smelting Co., 130 U. S., 647; Farnsworth v. Duffner, 142 U. S., 47; Fagan v. Newson, 2 Dev., 22; Fish v. Clelland, 33 Ill., 243; Marshall v. Peck, 1 Dana, 611; Moore v. Turbeville, 2 Bibb., 603; 8 Am. & Eng. Ency. of Law, 643; Jones Admr. v. Jenkins, 83 Ky., 394; 1 Hilliard Mortgages, 101, sec. 5; L. & N. R. R. Co. v. Brantley's Admr., 96 Ky., 297; Smith v. Allen, 28 Texas, 497; Ward v. Healy, 114 Cal., 191; Clapp v. Phelps, 19 La. An., 461; Fischer v. Hanna, 8 Col. App., 471; Ragland v. Wisrock, 61 Tex., 391; Harlan v. Eureka Mining Co., 10 Nev., 92; Shepard v. Murray County, 33 Minn., 519.

Z. GIBBONS FOR APPELLANT IN A PETITION FOR A REHEARING.

Additional citations:    Civil Code, secs. 29, 95-6.

JUDGE DuRELLE DELIVERED THE OPINION OF THE COURT.

Appellant, Frances H. Vanmeter, and her husband owned a tract of land in Fayette county under mortgage to appellee. Appellee had obtained judgment for the amount of its debt secured by the mortgage, and became the purchaser of the land at an execution sale for the amount of its debt, interest and costs, some $10,600. Thereafter Mr. and Mrs. Vanmeter executed their deed to appellee for the land in question, the recited consideration being $10,600.

Appellee thereupon leased the land to the sons of Mr. and Mrs. Vanmeter, who executed a chattel mortgage upon certain personal property to secure the amount of the agreed rent. The rent falling due, appellee instituted this suit to enforce its lien upon the personalty. Mrs. Vanmeter and her husband tendered a verified petition, and asked to be made parties defendant, under section 29 of the Civil Code of Practice, praying that their petition might be taken as their answer, cross petition and counterclaim. The filing of this intervening petition was objected to by counsel for appellee, but the objection was subsequently withdrawn, and the petition filed, and an order made making the interveners defendants. To the intervening petition a general demurrer was filed, and sustained by the trial court, and this action is especially complained of by appellant, Mrs. Vanmeter.

The intervening petition avers the fact of the sale under execution for the debt secured by the mortgage to appellee, and further avers that after the sale, by false representations, appellee had secured the title and right to the immediate possession of the land without legal proceedings, and without right of redemption, and by agreeing that the interveners should have the right to redeem the property on or before August 13, 1896, by paying the amount of plaintiff's debt, interest and costs, and one thousand dollars besides, appellee procured the interveners to execute a deed to it for the property; that such representations were false, and known to be so by appellee, and, instead of having acquired title to the property, appellee had only acquired a lien to secure the payment of the purchase price, with 10 per cent. interest, under section 1709, Kentucky Statutes, as the property was then incumbered by a mortgage to appellee

to secure the very debt for which it had been sold under execution. The intervening petition prays that the deed to appellee be canceled; that appellee be compelled to surrender all rights to said property, except in so far as such rights may constitute a mortgage in its favor; that the rent claimed in the petition be adjudged to be due to the interveners, and the lease of the land, including the note and the mortgage sued on, be annulled.

It seems to be contended that by the withdrawal of appellee's objection to the filing of the intervening petition *consent* was given to its filing and the order making the interveners defendants, and that thereby the question of the sufficiency of that pleading was admitted and adjudicated, so that it could not be contested by general demurrer; that at least the question of the sufficiency of the intervening petition and the right of the interveners to be made parties defendant under it could not be further contested; and that the only question which could be raised by general demurrer was whether it was a sufficient petition for any purpose. We are unable to concur in this view. The withdrawal of an objection is not a consent. Such withdrawal in this case left the parties in exactly the same position as if there had been no objection. Under section 29 of the Code, the filing of such a petition, properly verified, would seem to be matter of right. The direction that such intervener be made a party defendant appears to lie in the discretion of the court. But neither such filing nor such order estops the original plaintiff from calling in question the sufficiency of the petition of intervention, or makes its sufficiency a thing adjudged, whether considered as a petition of intervention, or as an answer, counterclaim, and cross petition. The filing of such a petition seems

strictly analogous to the filing of an amended petition, the sufficiency of which may, it is true, be raised upon an objection to the filing, but whose sufficiency may, if filed without objection, be afterwards tested upon demurrer. The mere order that the interveners should be made parties defendant, and that their petition should be taken as an answer, is not an adjudication of the sufficiency of the claim as set up therein. It is, at best, a mere permission to file it as an answer.

This brings us to consider the question whether the claim set up in the petition of intervention is one which entitled the parties to intervene in this suit. The right of a third person to intervene in a pending action is statutory, and is, by the statute, limited to actions or proceedings "for the recovery of real or personal property, or for the subjection thereof to a demand of the plaintiff under a judgment or other lien," and may be exercised by persons "claiming a right to or interest in the property or its proceeds." (Code, section 29.) This action is clearly one in which intervention may be had. But do the interveners answer the description given by the statute of persons who may exercise such right? They set up no claim whatever to the property against which appellee sought to enforce its lien. They did claim, it is true, to be entitled to collect the rent from their sons, but their petition shows no right to or interest in the personal property sought to be subjected to the payment of appellee's claim, and their claim for rent is not based upon any contract for lease, but is expressed to be for use and occupation. The rule for the construction of similar statutes has been frequently laid down by the courts as to what interest or right is necessary to be shown to au-

thorize an intervention.  Said the Supreme Court of Louisiana in Gasquet v. Johnson, 1 La., 431:

"This, we suppose, must be a direct interest, by which the intervening party is to obtain immediate gain or suffer loss by the judgment which may be rendered between the original parties; otherwise the strange anomaly would be introduced into our jurisprudence of suffering an accumulation of suits in all instances where doubts might be entertained, or enter into the imagination of subsequent plaintiffs, that a defendant, against whom a previous action was under prosecution, might not have property sufficient to discharge all his debts."

"In Horn v. Volcano Water Co., 13 Cal., 62, [73 Am. Dec., 569], Judge Field delivering the opinion of the court, said:

"The interest mentioned in the statute which entitles a person to intervene in a suit between other parties *must be in the matter in litigation, and of such a direct and immediate character that the intervener will either gain or lose by the direct legal operation and effect of the judgment.* . . . To authorize an intervention, therefore, the interest must be that created by a claim to the demand or some part thereof, in suit, or a claim to or lien upon the property, or some part thereof, which is the subject of litigation.  No such claim or lien is asserted in the petition of Rawle, and his right to intervene in consequence hereof fails."

See, also, Smith v. Gale, 144 U. S., 509, [12 Sup. Ct., 674].

It is not necessary to multiply authorities.

In the case at bar nothing appears to entitle appellants to intervene, either under the construction given by the authorities to such statutes or under the natural meaning of the language used in the statute under consideration.

It is unnecessary, therefore, to consider the question

[8]

whether the petition of intervention would have been sufficient to entitle appellant to relief had it been filed as an original petition. It is sufficient to say that it has no place in this suit, and the demurrer was properly sustained.

The judgment is affirmed.