## Combs, et al. v. Combs (No. 1).
## Combs v. Combs, et al, (No. 2).
## Combs, et al. v. Combs, et al. (No. 3).

(Decided June 21, 1911.)

## Appeal from Breathitt Circuit Court.

1.  Appeal—Death of Party—Revivor—Plea of Limitation—Dismissal of Appeal.—Where a party dies and there is a revivor of the action in the name of his real representative before judgment in his favor, an appeal granted in this court on a statement designating in one case as appellant, and in another as appellee, did not constitute a valid appeal as against his real representatives. Nor is an appeal where the statement designates one of the real representatives as executor of the deceased party, effective as to such real representative in his individual capacity. In such a case the real representatives may be made parties to the appeal by the filing of an amended statement designating them as parties appellee, but if the statement be not filed until the lapse of two years after the rendition of the judgments below, a plea of limitation will be sustained, and the appeal dismissed.

2.  Amended Statement.—Permission to file an amended statement making the real representatives of the deceased parties appellee, does not deprive them of the right to rely upon the plea of limitation.

W. M. BECKNER, R. A. HURST, G. W. FLEENOR, R. T. IRVINE, GREENE & VANWINKLE for appellee in case No. 1 and for appellant in cases No. 2 and 3.

O. H. POLLARD, W. W. McGUIRE, GRANNIS BACH, CHESTER BACH, HAZELRIGG & HAZELRIGG for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Dismissing.

These three suits, while not consolidated were heard together below, and will be considered together on this appeal.

The action of Breck Combs v. Jeremiah Combs, No. 1, was brought by William M. Combs against Jeremiah Combs, for the purpose of quieting his title to a tract of land located in Breathitt County, Ky., and containing about 295 acres. In this action the defendant, Jeremiah Combs, denied the title of plaintiff, and asserted title in himself by adverse possession. By amended answer he set up a pre-emption right to 100 acres.

The suit of Jeremiah Combs v. Breck Combs, et al., No. 2, was instituted by Jeremiah Combs against Wm. M. Combs to recover the same tract of land in litigation in case No. 1.

The suit of Breck Combs, et al. v. Jeremiah Combs, et al. No. 3, was brought by Jeremiah Combs and his two sisters, Nancy Ann Combs and Elizabeth Combs, and Marshall Combs, the husband of Elizabeth, against William M. Combs, for the purpose of quieting their title to a tract of several hundred acres of land located in Breathitt County. The exterior boundary of this tract of land includes the 295 acres in controversy in the first two cases, but the 295 acres is excluded by the pleadings.

About two years prior to the time the judgments in these three actions were entered, William M. Combs died, and his death was suggested of record. In one of the cases the action was revived against his real representatives, and it appears that the other two actions were treated by the parties as having been revived in the same manner.

Case No. 1 was dismissed without prejudice on May 29, 1906. On February 20, 1906, judgment was entered in cases two and three, dismissing plaintiffs' petition,

and directing a recovery of costs by the heirs of William M. Combs.

On February 19, 1908, Jeremiah Combs, in two of the cases, and he and his sisters in the third case, attempted to appeal from the aforesaid judgments, and filed a copy of the record in the office of the clerk of the Court of Appeals, with the following statement of the appellants and appellees:

"Kentucky Court of Appeals.

"JEREMIAH COMBS . . . . . . . . . . *Appellant,*
    v.
"BRECK COMBS, EXOR. OF WM. M. COMBS. . . *Appellee.*
    and
"JEREMIAH COMBS . . . . . . . . . *Appellant,*
    v.        Consolidated Causes.
"WM. M. COMBS . . . . . . . . . . *Appellee.*
"WM. M. COMBS . . . . . . . . . . *Appellant,*
    v.
"JEREMIAH COMBS . . . . . . . . . *Appellee.*

"The three cases above named were heard together in the lower court and the caption contains the names of all the appellants and appellees. This is an appeal from Breathitt Circuit Court. The judgments were rendered on the 20th day of February, 1906, and the judgments are found on pages 290, 301 and 302 of the record. The clerk will grant an appeal and issue summons for appel-- lee directed to the sheriff of Breathitt County.

"R. T. IRVINE,
"R. A. HURST,
"Attorneys for Appellants."

Some time after the appeals were taken in the fore-going manner, there was a motion made by the attorneys for the heirs of William M. Combs to dismiss the appeals. This motion was passed to be heard with the merits. Almost a year after the appeals were taken the attorneys representing Jeremiah Combs and his sisters made a motion to be allowed to file an amended statement by which they designated the real representatives of William M. Combs as parties. This motion was sustained, and the real representatives of William M. Combs were finally made parties to the appeal by service and by warning order, but the amended statement was not filed until long after the lapse of two years

from the time the judgments below were rendered. When this was done, they moved to dismiss the appeal, and also interposed a plea of limitations on the ground that no appeal was granted against them within two years after the right to appeal had accrued, as provided by section 745 of the Civil Code. The motion to dismiss the appeal, as well as the plea of limitation, was passed to be heard with the merits.

From the foregoing statement, it will be seen that William M. Combs had been dead for about two years before any of the judgments had been rendered, and that the cases had been revived in the names of his real representatives. William M. Combs was, therefore, no longer a party to any of the actions. Notwithstanding this fact, there was an attempt on the part of the opposing counsel to appeal from one of the judgments in his name, although the judgment was in his favor and he had long since been dead.

In one of the other two cases Jeremiah Combs attempted to appeal against William M. Combs, alone, who was dead at the time the judgment was rendered, while in the other he took his appeal against Breck Combs, executor of William M. Combs. When this was done there were no such cases pending. It was impossible to take a valid appeal against William M. Combs' heirs by simply taking it against William M. Combs. Nor was the appeal as to Breck Combs, "executor of William M. Combs," sufficient to constitute an appeal against Breck Combs, the individual. It is manifest that the words "executor of William M. Combs" are not merely descriptio personae, but an attempt to appeal as to Breck Combs in his capacity as executor.

We, therefore, conclude that no proper appeal was taken against the real representatives of William M. Combs within the time prescribed by the Code. The plea of limitation is well taken, and the appeal in all three cases should be dismissed.

The fact that this court permitted an amended statement to be filed, making the heirs of William M. Combs parties appellee, and also permitted them to be brought before this court, did not have the effect of making the appeal proper as to them. When brought before the court, they still had the right to interpose a plea of limitation, and to move for the dismissal of the appeals. Nor did the fact that a part of the record, omitted below, was

afterwards supplied by consent constitute a waiver of the right to have the appeals dismissed. All questions respecting the dismissals of the appeals were passed to be heard with the merits. The parties insisting on the dismissal of the appeals could not tell whether their motion would prevail or not, and they were, therefore, interested in having all the record before the court in the event it became necessary to decide the case on its merits.

For the reasons given the appeals in all three cases are dismissed.