## Central Home Telephone & Telegraph Company v. Fidelity & Columbia Trust Company, Trustee, et al.

(Decided February 15, 1916.)

### Appeal from Logan Circuit Court.

Mortgages—Liens—Parties.—In an action to subject to a mortgage lien, any person claiming an interest in the proceeds of the sale of the mortgaged property may, before payment of the

proceeds to the plaintiff, file his verified petition, and litigate his claim in that proceeding.

HELM BRUCE and BRUCE & BULLITT for appellant.

W. F. BROWDER, BROWDER & BROWDER and W. PRATT DALE for appellees.

OPINION OF THE COURT BY JUDGE CLARKE.—Reversing.

On December 15, 1906, the Russellville Home Telephone Company executed a mortgage to the Fidelity & Columbia Trust Company, as trustee, to secure the payment of $40,000.00 of bonds issued and sold.

April 21, 1907, said Russellville Company made a contract with the Central Home Telephone Company, a long distance telephone company, for the transmission over its lines of long distance messages originating with the Russellville Company, and for the use by the Russellville Company of the poles of the Central Home Telephone Company to support its wires.

January 1, 1908, the Russellville Company defaulted in the payment of interest on its bonds, and no interest has been paid since that time.

On December 14, 1912, the Fidelity & Columbia Trust Company, as trustee, for the bond holders under the mortgage, instituted suit in the Logan Circuit Court for a judgment against the Russellville Company for the $40,000.00 of bonds issued and sold, and to enforce the mortgage lien upon all of the property of said company.

Prior to the filing of this suit the Central Home Telephone & Telegraph Company had acquired the rights and obligations and stood in the place of the Central Home Telephone Company. This Central Home Telephone & Telegraph Company was a New Jersey corporation, and was made a party to said suit, but said company is not the same corporation as appellant, which is a Delaware corporation, although these two companies have the same name.

A motion was entered in this action for the appointment of a receiver by the plaintiff, but before said motion was heard an agreement was reached on December 28, 1912, between all the parties, who were at that time parties to, or interested in, said suit, by which agreement appellee, Fidelity & Columbia Trust Company, as trustee, for the bond holders was to take charge of and operate

said telephone plant, as had been provided in the mortgage it might do under such circumstances.

At the February, 1913, term of the Logan Circuit Court a judgment was rendered in this action giving the trustee a judgment against the Russellville Company for the full amount of the mortgage, and ordering a sale to satisfy said judgment of the property covered by the mortgage, which was all the property owned by the Russellville Company, which judgment at its conclusion made the following reservation of jurisdiction:

"The court reserves for future consideration and disposition all other questions involved in this action, including the question of the liability of the defendant, the Central Home Telephone & Telegraph Co. to make an accounting of all moneys received by it from its co-defendant, the Russellville Home Telephone Company, as prayed for in the petition, and also including the question of the amount due, if anything, by the defendant, Russellville Home Telephone Co., to the sinking fund, provided for in said mortgage and all other questions not specifically disposed of by this judgment."

The order of sale was not enforced against said property until April 5, 1915, and from January 1, 1913, until said sale in April, 1915, the said trustee had control of, and operated the Russellville Company's plant. Appellant up until this time had not been a party to this suit. On May 21, 1915, appellant offered to file in said action a petition to be made a party thereto, and sought to have said petition taken as an answer and counter-claim against the appellee, Fidelity & Columbia Trust Company, in said action, and as a cross petition against the Russellville Home Telephone Company. The lower court refused to permit appellant's petition to be made a party to be filed in said action, to which ruling appellant excepted and objected and prayed this appeal.

The only question involved in this appeal is whether or not appellant by its petition showed its right to be made a party at that time to said action. Appellant's petition to be made a party, alleged in substance, that appellee, the trust company, took possession of the Russellville Company's plant on January 1, 1913, and employed the New Jersey corporation of the same name as appellant to operate, manage and keep in repair said Russellville Company's plant; that said New Jersey corporation performed this service for the trustee until April

1, 1913, when it assigned to appellant all claims it had for its services, and transferred to appellant the operation of said plant; that since said date the appellant has operated, managed and kept in repair for the said trustee said plant; that the said trustee is indebted to it for the services so performed by appellant and its predecessor in operating and keeping in repair said telephone plant, and that it has never been paid and is entitled to have payment made to it for these services out of the proceeds of the sale of the Russellville Company's telephone plant; that there are no other funds out of which it can be paid, and that this claim is a superior lien upon said fund to the mortgage lien of said trustee. In addition to the claim for services performed since the trustee took charge of said plant, appellant is seeking pay for services rendered by one of its predecessors for the Russellville Company for a short time before the said company's plant was turned over to the trustee, and insisting that this claim is also a lien superior to the mortgage lien upon the fund derived from the sale of said plant.

That appellant's petition to be made a party to said suit presents claims against the Russellville Company and said trustee, for some of which at least it is entitled to recover but has not received pay, is conceded by counsel for appellee, but that it is not entitled to sue for same in this proceeding is the earnest contention of appellees.

Appellees insist that appellant should have filed a new suit against the trustee in Jefferson county where both appellant and the trustee are domiciled, and it doubtless would have the right so to do. But if it performed the services as alleged for the trustee in possession and charged with the operation and maintenance of the plant covered by this mortgage, it seems to us that it certainly had a right to litigate in this action its right to pay for its services out of the fund arising from the sale of the property upon which it had performed these services, that fund being in court, and all the parties having any interest therein being parties thereto.

Section 29 of the Civil Code provides:

"In an action or proceeding for the recovery of real or personal property, or for the subjection thereof to a demand of the plaintiff under an attachment or other lien, any person claiming a right to, or interest in, the

property or its proceeds, may, before payment of the proceeds to the plaintiff, file, in the action, his verified petition, stating his claim and controverting that of the the plaintiff; whereupon the court may order him to be made a defendant; and upon that being done, his petition shall be treated as his answer."

The action at bar is a proceeding by the plaintiff to subject the Russellville company's plant to a mortgage lien, and appellant's petition is an attempt to present in that action its claim to a prior lien upon the proceeds of the sale of said property while said proceeds are still under the control of the court. Such a proceeding as appellant is attempting is expressly provided for in the foregoing section of the Code, and the trial court should have permitted it to file its petition and to litigate in this action its claim against the fund arising from the sale of the Russellville Home Telephone Co.'s property. Vanmeter v. Fidelity Trust & Safety Vault Co., 107 Ky., 111. We do not, of course, express any opinion as to the merit of any of the claims presented by appellant, but decide simply that it had a right to litigate its claims in this action, at the time and in the way attempted.

Wherefore the judgment of the lower court rejecting the pleading tendered by appellant herein is reversed and the cause remanded for proceedings consistent herewith.