## Fordson Coal Company v. Jump.

(Decided May 8, 1925.)

### Appeal from Harlan Circuit Court.

1. Appeal and Error—As General Rule no One can Appeal Except Party to Action or Legal Representative or One whose Privity of Estate Appears from Record.—In absence of statute, as general rule, no one can appeal or bring writ of error unless he was party to action, or to judgment, or legal representative of such party, or his privity of estate, title, or interest appears from record.

2. Appeal and Error—On Failure to Show that Appellant was Connected with Judgment, Appeal Will be Dismissed.—On appeal from judgment for plaintiff by one not party below, on failure to show that appellant was connected in any way with defendant in trial below, or with judgment, and in absence of waiver of such irregularity by appellee, appeal will be dismissed.

J. E. SAMPSON for appellant.

F. F. ACREE for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Dismissing the appeal.

This common law action was filed by appellee and plaintiff below, Jesse Jump, against the Banner Fork Coal Corporation seeking the recovery of a judgment against it for the amount of damages he claimed to have sustained because of its refusal to allow him to perform his duties and earn his contractual salary or wages as assistant weigher or checkweighman, to which place he averred he was selected by the miners of defendant under the provisions of section 2738q-1 of the 1922 edition of Carroll's Statutes. Plaintiff's right to recover any amount against that company was strongly litigated

by it, but upon final trial before a jury he recovered a verdict for the sum of $292.10, which the court declined to set aside on a motion made for that purpose by the defendant in that action (the Banner Fork Coal Corporation) and judgment was rendered against it in favor of paintiff for the amount of the verdict.

The date of the judgment was February 7, 1923, and on January 18, 1924, the appellant, Fordson Coal Company, filed a transcript of the record in this court accompanied by a motion for an appeal. Supersedeas bond was executed by it before the clerk of this court and summons was issued for the plaintiff in the judgment against the Banner Fork Coal Corporation (appellee Jesse Jump) in which he was required to show cause why "a judgment obtained by him in the Harlan circuit court against *Fordson Coal Company* at its February term, 1923, should not be reversed for errors therein contained." Whether the appellee, Jesse Jump, recovered a judgment against appellant, Fordson Coal Company, at the February, 1923, term of the Harlan circuit court for any sum we know not, but, we do know that there is no such judgment in this record; nor is there anything therein to show any privity between the appellant here and the defendant in the judgment from which this appeal is prosecuted. In other words, no fact appears in the record connecting appellant in any manner with the judgment appealed from and, so far as the record discloses, it is an entire stranger to that judgment.

The universally applied rule with reference to the right to have a judgment reviewed on appeal is thus stated in 3 C. J. 616: "In the absence of a statute extending the right of review to persons other than parties who are aggrieved by a judgment, order, or decree, the general rule is that no one can appeal from a judgment, order, or decree, or bring a writ of error to review it, unless he was a party to the action or proceeding below, or to the judgment, order or decree, or unless he is a legal representative of a party, or his privity of estate, title or interest appears from the record. The fact that one is interested in the controversy or aggrieved by the judgment, order or decree, does not entitle him to come into the case after it has been ended below, and appeal or sue out a writ of error, unless he is allowed to do so by statute." To the same effect is the text in 2 Cyc. 626, and 2 R. C. L. 49.

As to who are parties who may exercise the right of appeal under that rule is a question not presented in this case, since, as we have seen, there is nothing of record showing any sort of connection with the judgment appealed from by the appellant, Fordson Coal Company. If the fact be (as we surmise it is) that the appellant acquired the rights and succeeded to the obligations of the defendant in the judgment appealed from, by purchasing or otherwise acquiring all of its interests, and that fact had been appropriately manifested in the court below before the filing of the record here, possibly it could maintain the appeal; but no such privity relation to the judgment is in anywise manifested. We have recognized and applied the general rule, *supra,* in a number of cases, some of which are: City of Louisville v. Wehmhoff, 24 Ky. L. R. 438; Jones v. Yantis, 113 S. W. 111 (not elsewhere reported); Combs v. Combs, 144 Ky. 389, and Houston v. Commonwealth, 169 Ky. 445. To the same effect is the text of Miller's Appellate Practice, section 79, wherein *inter alia,* it is said: ''An appeal in the name of a person not a party in the lower court will be dismissed,'' citing the Wehmhoff and Yantis cases. It is, however, recognized in the text, and which is true, that a person who was not originally a party to the action may become such for the purposes of appeal by in some way, manifesting in the record his connection with or interest in the judgment.

Nothing of the kind, we repeat, was done here, and it follows that the appeal should be dismissed in the absence of some conduct on the part of appellee sufficient to waive the irregularity. No such waiver appears in this case, since not even a brief has been filed by the appellee, for the reason, perhaps, that he has recovered no judgment against the appellant and was, therefore, not called upon by the summons from this court to defend any such judgment.

One of the reasons for writing this opinion was to prevent what might otherwise be an erroneous conclusion, that if we had dismissed the appeal by only an order, we might be considered as approving the judgment against the Banner Fork Coal Corporation as being free from error, which is untrue; but for the foregoing reasons we are precluded from reviewing and reversing it on this appeal.

Wherefore, the appeal is dismissed.