## Smith v. Jones et al.

(Decided December 14, 1928.)

### Appeal from Harlan Circuit Court.

1. Attachment.—Purchaser of attached property from persons retaining its possession, following execution of bond under Civil Code of Practice, sec. 221, held entitled, under section 29, to intervene after sale of property to satisfy lien and before confirmation of sale and order for distribution of proceeds by a final judgment.

2.  Attachment.—Purchaser of attached property from persons retain-
ing possession following execution of bond under Civil Code of
Practice, sec. 221, had such interest in property as to authorize
intervention to prevent subsequent sale to satisfy judgment, since
property levied on attachment is completely released on execu-
tion of bond, as to entirely destroy jurisdiction of the rem and
consequent jurisdiction of the court to sell it.

3.  Appeal and Error.—An appellant may voluntarily dismiss his ap-
peal at any time before final termination thereof, if the rights of
no other party to litigation would be adversely affected thereby.

4.  Appeal and Error.—Settlement pending appeal between parties,
if understandingly made and under such circumstances that it
could be enforced in law, entitles appellee manifesting such facts
to appellate court as provided by Civil Code of Practice, secs., 757,
758, to dismissal of appeal on motion.

5.  Appeal and Error.—Appellant, in order to oppose motion to dis-
miss appeal on ground compromise settlement between parties
was induced by fraud, had duty of returning consideration re-
ceived for settlement furnishing a ground of dismissal, since,
though he may have been fraudulently induced to make settle-
ment, he cannot take advantage of alleged fraud or repudiate it
until return of consideration.

6.  Appeal and Error.—In absence of statute extending right of re-
view to persons other than parties who are aggrieved by judg-
ment, order, or decree, no one can appeal from judgment, order,
or decree unless he was party to action or proceeding below, or
unless he is a legal representative of a party or his privity of
estate, or interest appears from record.

7.  Appeal and Error.—Where purchaser of attached property pend-
ing appeal from refusal to set aside sale under attachment
entered into compromise for dismissal of appeal, neither his attor-
ney nor sureties on note executed as consideration for property
were entitled to resist dismissal of appeal, in that they were in
no manner parties in lower court, so as to entitle them to any
voice in appeal, nor would any disposition thereof prevent them
from asserting their rights in appropriate action in proper court
of original jurisdiction.

LEE & SNYDER for appellant.

J. S. FORESTER and F. M. JONES for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Dismiss-
ing appeal.

The appellees and plaintiffs, F. M. Jones and J. G.
Forester, sued G. F. Blackburn et al. in the Harlan circ-
cuit court to recover judgment against them for
$1,413.32, the amount plaintiffs were compelled to pay as
sureties for defendants. In the petition grounds of at-

tachment were alleged and one was obtained and it was delivered to the sheriff of the county for execution and he levied it on a lot of personal property composing a pressing outfit. Defendants executed a bond under the provisions of section 221 of the Civil Code of Practice, obligating those who signed it to perform whatever judgment might be rendered against defendants in the action, and the property upon which the attachment was levied was thereupon left in their custody. At the following regular October, 1925, term of the court the case was tried and plaintiffs recovered judgment for the amount they prayed in their petition and the attachment was sustained. They were also adjudged a lien on the attached property to satisfy their judgment, and the master commissioner of the court was directed to sell it and make his report at the next term of the court. Upon filing his report at that term the appellant, Smith, tendered his intervening petition in the cause and asked to be made a party thereto, and in it he averred that after the execution of the bond above mentioned, and on November 17, 1925, after the judgment of sale was rendered, he purchased the attached property from those who retained its possession following the execution of the bond referred to, and that he paid therefor the sum of $1,500. He prayed that a writ of possession in favor of plaintiffs (who had purchased the property at the sale, and which writ the clerk had issued without an order from the court so directing) be quashed and that he be adjudged the owner of the property. He, furthermore, and at the same time, filed his exceptions to the sale and asked that it be set aside, which motions, in the main, were based upon the same facts averred by him in his tendered intervening pleading. The court overruled all his motions and also his exceptions to the report of sale.

Thereafter, and at the same term of court, he entered motion that the court set aside its previous adverse rulings against him, and that motion was overruled. He then offered to execute a supersedeas bond before the clerk, who was one of the plaintiffs in the cause, and that officer declined to approve or accept it, after which appellant moved the court to require the clerk to approve and accept the bond, the solvency of which was not disputed, and that motion was overruled.

The sale was confirmed and under the writ of possession
the property was taken from appellant and delivered into
the possession of plaintiffs, who, as we have said, were
the purchasers at the sale, and from such adverse rulings
appellant prosecutes this appeal.

If appellant had the right under section 29 of our
Civil Code of Practice to intervene in the cause, then the
court erroneously made the rulings complained of, un-
less the motion of appellant to file his intervening plead-
ing came too late, and which latter counsel for plaintiffs
insist is true. In support of that insistence they rely
on the cases of Brown v. Vancleave, 86 Ky. 381, 6 S. W.
25, 9 Ky. Law Rep. 593; Meadows v. Goff, 90 Ky. 540, 14
S. W. 535, 12 Ky. Law Rep. 495, and Combs v. Cardwell,
164 Ky. 542, 175 S. W. 1009, neither of which upon exam-
ination decide anything applicable to the facts of this
case; but, on the contrary, when analyzed, they sustain
the right of appellant to intervene at the particular stage
of the proceeding that he offered to do so. Those cases
go no further than to deny the right of a party to the
litigation to amend his pleadings, or a stranger to inter-
vene therein, after all of the questions and issues in-
volved as between the original parties thereto have been
finally adjudicated and there remains nothing to be done
except ministerial duties, to be performed by ministerial
officers, in carrying out such final directions of the court.
Hence, if at the time appellant offered to intervene in
this case the sale had been confirmed and the proceeds
of it had been ordered distributed to those entitled there-
to by a final judgment of the court and nothing remained
to be done, except to carry out the directions contained
in such judgment by the ministerial officer who was
directed to do so, then the cases relied on by counsel
would be applicable.

On the other hand, section 29, supra, of the Civil
Code of Practice, expressly gives the right of a stranger
to the litigation to intervene in the cause for the purpose
of asserting his rights to the property involved, or its
proceeds, and which he may do at any time "before pay-
ment of the proceeds to the plaintiff," but which has
been construed in the cases supra to mean after the pro-
ceeds had been *adjudged* to him and ordered to be so
paid, and the proper officer of the court directed to do
so. In conformity with such Code provisions we have
steadfastly held that the right of a stranger to intervene
was not lost, if he made application therefor within the

time specified in our Code provision, as so construed, giving him such right. Some of the cases so holding are Murphy v. Cochran, 80 Ky. 239; Heaverin v. Robinson, 21 S. W. 876, 15 Ky. Law Rep. 15, and others cited in the notes to the section of the Code, supra. The court was, therefore, in error, if it declined to permit appellant to intervene on the ground that his motion therefor was too late.

The next question is: Did the averments of the tendered intervening pleading of appellant manifest such an interest in the involved property as to entitle him to assert his alleged right thereto in this action? He alleged therein the fact of the execution of the bond, supra, and that it operated to discharge the attachment and to release the attached property of any lien that might have been acquired by the attachment; that thereafter the property was turned over to the defendants in the action, who afterwards sold it to him for a valuable consideration, and that he thereby took it free from any rights of plaintiffs, since after the execution of that bond they could look to no other security but it in satisfaction of whatever judgment they might eventually obtain, and all of which has been so determined by this court in an unbroken line of decisions, some of the many of which are Hazelrigg v. Donaldson, 2 Metc. 445; Taylor v. Taylor, 3 Bush, 118; Inman v. Stratton, 4 Bush, 445; Thompson v. Arnet, 64 S. W. 735, 23 Ky. Law Rep. 1082; Bell v. Western River Co., 3 Metc. 558; and Fidelity & Deposit Co. v. Helm, 217 Ky. 384, 289 S. W. 280. To the same effect is the text in 6 C. J. 335, sec. 693, which, upon the identical point says: "A bond . . . conditioned to perform the judgment which may be rendered, dissolves the attachment and discharges the property from the custody of the law, and after giving such bond the attachment defendant can sell or dispose of the property without violating any legal obligations assumed to the parties concerned in the cause." In note 75 of that text, on page 336 of the cited volume, there are cases from practically every court of last resort in almost every state of the Union, including those supra, together with others from this state. Those cases and authorities not only sustain the legal principles to the extent already indicated, but they furthermore establish the doctrine that, when such a bond is executed in attachment proceedings, the property levied on is completely released so as to

entirely destroy the jurisdiction of the rem and the consequent jurisdiction of the court to sell it. For the latter reason the fact that appellant purchased the attached property in this case after the judgment sustaining the attachment had been rendered does not militate against his rights, because the court was without jurisdiction of the property, and its judgment, purporting to establish a lien upon it and ordering it sold in enforcement thereof, was coram non judice, and therefore void. From what has been said it is clear that the judgments and orders appealed from were each and all of them erroneous, and appellant would be entitled to a reversal thereof but for the reasons stated below.

After the appeal was briefed and submitted both plaintiffs and appellant filed their written motions in this court to dismiss it (as is provided by section 757 and 758 of the Civil Code) upon the ground that since the submission the parties had settled their controversies and the consideration therefor ($500 cash) had been paid to appellant. With the motions there was also filed a written receipt by appellant for the consideration paid him and he admits that it was done. Notwithstanding appellant's motion and the receipt executed by him, he later appeared in this court and objected to the dismissal upon the ground that he was unduly and unlawfully procured to compromise his interests in the case and to execute the papers evidencing that fact. Undoubtedly, and which is approved by all courts and text-writers, an appellant may voluntarily dismiss his appeal at any time before final termination thereof, if the rights of no other party to the litigation would be adversely affected thereby. See the text in 4 C. J. 563, sec. 2376, and the many cases cited in the notes thereto.

It is equally well settled that, if only the rights of the appellant or appellants are involved in the appeal, he or they may settle the controversy with the appellee or appellees, and if such settlement is understandingly made, and under such circumstances as that it could be enforced in law, then the appellee by manifesting such facts to the appellate court (and which is provided for in this jurisdiction by sections 757 and 758, supra, of the Civil Code), with a motion to dismiss the appeal, will be entitled to have that motion sustained. However, in such case it is competent for the appellant, or his associates, if more than one, to resist the motion so made by appellee upon

any ground that would defeat the latter in enforcing the compromise settlement as between the parties. But, before such opposition to the motion will be heard, the consideration received for the settlement, furnishing the grounds of dismissal, must be returned by the appellant, since he may not retain it and at the same time resist the motion to dismiss the appeal based upon the settlement. See text in 4 C. J. 579, sec. 2387, and Lake v. Dredge, 158 Iowa, 725, 138 N. W. 869.

The requirement that appellant must return the consideration for the settlement of the matters involved in the litigation before resisting appellee's motion to dismiss the appeal is in conformity with the well-settled principle of the law that, before one may repudiate or rescind his contract, he must return the consideration that he received under it. Appellant in this case, as we have seen, was paid $500 by appellees and under the rule stated, although he may have been fraudulently induced to make the settlement, he cannot take advantage of the alleged fraud or repudiate it, until he returns to appellees the amount they paid him.

At the same time that appellant filed his motion resisting the dismissal of the appeal his attorneys and his sureties on the note he executed to obtain the money to buy the pressing outfit each filed pleadings in this court also resisting the motion to dismiss, thereby raising the question, whether a stranger to the record may appear for the first time in this court and by pleading his actual or alleged interest in the subject-matter of the litigation resist a motion to dismiss the appeal made by a party or parties of record on the ground that all involved questions were settled after it was prosecuted, as between all the parties of record at that time. Before answering that question it might be of benefit to remember that, "in the absence of a statute extending the right of review to persons other than parties who are aggrieved by a judgment, order, or decree, the general rule is that no one can appeal from a judgment, order, or decree . . . unless he was a party to the action or proceeding below, or to the judgment, order, or decree, or unless he is a legal representative of a party, or his privity of estate, title, or interest appears from the record." 3 C. J. 616, sec. 466. More than three columns of cases are cited in note 55 to that text, including those from this court of Combs v. Combs, 144 Ky. 389, 138 S. W. 629; Jones

v. Yantis (Ky.) 113 S. W. 111 (not elsewhere reported); Rout v. Mountjoy, 3 B. Mon. 300; and Stevens v. Stevens, 2 Dana 428. The "privity" mentioned in the excerpt means and includes only those upon whom the law casts that relationship, and does not include those who are privies only by contract, as is shown by the text in the same volume, p. 623, sec. 479. The case of Miller v. Wheeler, 147 Ky. 131, 143 S. W. 1028, does not militate against the principle of law last stated, since in that case the purchaser, who it was held might appeal, had become a party to the litigation in the court below by virtue of the commissioner's report filed in the action manifesting that fact, and which case is but an illustration of many others in which we have held that a purchaser at a decretal sale becomes a party to the proceedings below when the sale to him is so reported. If, therefore, the attorneys of appellant in this case, or his sureties above mentioned, could not prosecute this appeal because they in no manner became parties in the court below, it would seem to naturally follow that they were not entitled to any voice in the appeal after it was brought by others to this court.

But, independently of any analogy that might be drawn from a consideration of those having the right to prosecute an appeal, the law appears to be well settled that no one who did not in some manner become a party to the action in the court below, or who in some legal way offered to become such, may resist a motion to dismiss an appeal after it has been taken to the appellate court, as is shown by the text in 4 C. J. supra, 593, sec. 2405, wherein it is said, inter alia: "Third persons whose interests are separable from those of the parties to the appeal may not resist the motion when appellant sees fit to dismiss his appeal or appellee acquires the right to compel its dismissal." The text also makes the statement to the effect that one who might have been made a party defendant in the court below "may be heard in the appellate court to oppose a motion to dismiss"; but the cases cited in support of that text show that it applies only to one who moved to become a party in the court below, but whose motion was overruled, and includes one standing in the exact position of appellant in this case, but it does not include a stranger who never made any effort in the court below to become a party to the action.

Also compare the cases of Parks v. Doty, 13 Bush, 727, and Taliaferro v. Gay, 78 Ky. 496.

Two reasons are assigned for disallowing such stranger to the record to resist the motion to dismiss an appeal, and they are: (1) That this court is one of appellate jurisdiction only, except the original jurisdiction conferred upon it by section 110 of the Constitution and which has no relevancy to a case like this; and (2) that such stranger is not bound by the judgment appealed from and can assert and obtain his rights in an independent action against the invaders of his rights, though themselves parties to the litigation, since, not being a party at the time the judgment was rendered, he is not bound by it. If such stranger could be heard for the purposes stated, in disregard of reason 1, then this court would become a trial one for the purposes of determining the interests of the stranger in the subject-matter of litigation, but which the Parks case, supra, and others from this court hold may not be done. Besides, the summary determination in the appellate court on such applications might later prove to be erroneous in a final trial of the issues in a court of original jurisdiction; an illustration of which, as arising in this case, would be that the Harlan circuit court upon a return of this case might find, from the evidence heard at the final submission, that the objecting attorneys and sureties for appellant had either been satisfied; or that their claims were for some other reason not legally assertable against him, in which event the judgment appealed from would be undisturbed and the entire subsequent proceedings in the trial court would have been futile and to no effect.

The soundness of reason 2 is so apparent that it needs no authorities in its support, and under it the attorneys and appellants' sureties may yet assert their rights in appropriate actions in the proper court of original jurisdiction against appellees, or others who may have legally wronged them.

For the reasons stated, the motion to dismiss the appeal is sustained, and it is dismissed.