## W. J. Callison Furniture Company v. Kelemen et al.

(Decided March 13, 1931.)

C. B. SPICER for appellant.

B. M. LEE for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Reversing.

This action was begun by Stephen Kelemen and Irene Kelemen, hereinafter called the Kelemens, against the W. J. Callison Furniture Company, hereinafter called the Furniture Company, and G. W. Howard, as master commissioner, and by it the Kelemens sought an injunction against the named defendants to prevent them from selling the property hereinafter described. They were successful, and the furniture company has appealed.

The facts out of which this litigation grew are these:

In 1924 one Frank Kudela had some sort of a title to lots 116, 117, 118, and 119 of the East End addition to what is now the city of Cumberland. These lots lay on the south side of Cumberland street, and together they constituted a plot of ground 100 feet one way by about

63. or 64 the other. Kudela erected a building thereon, and in so doing became indebted as follows:

| | |
|---|---|
| $3000.00 | by mortgages to Stephen Kelemen. |
| $2327.25 | by materialman's lien to Geo. L. Mesger. |
| $1253.00 | by mechanic's lien to John L. Creech. |
| $ 969.30 | by street improvement lien to Flenniken Const. Co. |
| $ 270.10 | by attachment lien to Louisville Grocery Co. |
| $7819.65 | all told. |

About that time Frank Kudela filed a suit against his children, Mike Kudela et al., for a sale of the property. The nature and extent of their interest in the property and that of their father, Frank Kudela, therein does not appear. At that time there were other actions pending by the above-named leinholders which were consolidated with the action of Frank Kudela v. Mike Kudela et al. It is alleged by the Kelemens that all parties then claiming liens on this property had notice of the pendency of the action of Frank Kudela v. Mike Kudela et al. and of the proposed consolidation of the various actions, and all these actions were consolidated with the action of Kudela v. Kudela et al., except an action then pending by the furniture company against Kudela, wherein it had obtained an attachment which had been levied on this same property. The consolidated action went on to a judgment, the property was sold, was bought and paid for by the Kelemens, the sale was confirmed, and the property was conveyed to them. In the meantime the suit by the furniture company also went to a judgment, its attachment was sustained, this same property ordered sold to satisfy it, and about two years after the property was conveyed to the Kelemens, the master commissioner at the instance of the furniture company, advertised this property for sale to satisfy the claim of the furniture company. Thereupon the Kelemens began this action, and obtained a temporary injunction against the furniture company and the master commissioner.

The case was prepared after a manner and submitted, whereupon the court overruled the demurrer to the petition of the Kelemens and made the injunction permanent. That was erroneous, for the petition of the Kelemens shows the furniture company, had filed its

attachment suit on August 29, 1925, it was pending on December 17, 1925, when the judgment and order of sale in these consolidated cases was entered, it was so pending when the sale was had, when it was confirmed and when the deed to the Kelemens was made, and that on October 20, 1926, the furniture company procured a judgment against Frank Kudela, its attachment was sustained, and order for the sale of this property to satisfy same was entered. The Kelemens are not without remedy. Theirs is a situation for which section 29 of the Civil Code of Practice was written. In a recent case from this same court a very similar question was involved. See Smith v. Jones et al., 226 Ky. 785, 11 S. W. (2d) 937. If the Kelemens should take such steps as are contemplated by section 29, they should set out more fully the debts satisfied by the sale to them, as they may desire to seek to be subrogated to the rights of those who then held these claims, and the court should know exactly what they were. The pleadings should also disclose the exact nature and extent of the interests of these Kudela children. We are not now in a position to determine the rights and priorities of these parties. After the steps indicated have been taken, that should not be a matter of great difficulty. See section 202 of Civil Code of Practice, sections 2358a-1 and 2358a-2 of Ky. Stats.; 38 C. J. p. 61, sec. 104.

The judgment is reversed.

The whole court sitting.