## Summers v. Besterman, Sheriff, et al.

(Decided May 11, 1934.)

CHARLES E. LESTER, Jr., for appellant.

BLAKELY & MURPHY, BERT J. KING, JOS. P. GOODE-NOUGH, RALPH RICH and FRED C. DRAKE for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

A demurrer having been sustained to the petition of the plaintiff, Summers, and he having declined to plead further, his petition was dismissed, and he appeals.

By this action, Summers, claiming to be the owner of a lot of personal property, mainly office equipment, located in room 17 of the Cohen building in Covington, Ky., sought to enjoin the defendants Besterman, as sheriff of Kenton county, and Myers and Huntsman, as constables of that county, from levying attachments which had issued in certain other suits pending in the circuit, quarterly, and perhaps magisterial courts of that county, and in which six other named defendants in the instant action were plaintiffs respectively. These other suits had been brought to recover certain moneys from one Buchman, and the attachments had been issued to bring into the power of the courts the property of Buchman. It was averred that the sheriff and constables were about to levy these attachments on the aforesaid property of the plaintiff as that of Buchman. The petition also averred that there were many other suits pending against Buchman, in which attachments had been sued out which the sheriff and constables were also about to levy on the aforesaid personal property. The

plaintiffs in these last-mentioned suits were not made parties to this suit.

The lower court correctly sustained the demurrer to the petition, though by no means for the reason he gave. Summers has a clear and adequate remedy other than by injunction to preserve and protect his right to and ownership in this personal property, for which reason he may not invoke the equitable remedy he here seeks. In the case of Callison Furniture Co. v. Kelemen, 238 Ky. 19, 36 S. W. (2d) 637, we held that, in a state of case like that here present, the remedy is not by injunction, but by intervention under section 29 of the Civil Code of Practice in the suit in which the attachment has been sued out. Should Summers decide or wish to retain possession of the property pending the trial of the suits in which the attachments were sued out or that of the attachments themselves, he may do so by executing the bond provided for by section 214 of the Civil Code of Practice, and, if he wishes to have the attachments levied in the different suits brought together for determination in one forum, he may do so under the provisions of section 210 of the Civil Code of Practice. It is obvious that the court should not in the absence of the parties of the other suits last mentioned in the statement of this case, who are claiming that the personal property here in question belongs to Buchman, undertake in this litigation to adjudge that it belongs to Summers. Summers having a clear and adequate remedy under the cited provisions of the Code to protect what right he has in and to the personal property in question, the equitable remedy here sought was properly denied him. The Callison Case supra expressly so holds.

Judgment affirmed.