# Hindert v. Smith.

(Decided Nov. 19, 1937.)

KENNEDY & KENNEDY for appellant.

B. J. BETHURUM for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE RATLIFF—
Reversing.

In April, 1932, Robert Eastham executed and delivered to the appellee, Beecher Smith, his promissory note for the sum of $500, together with a mortgage on certain real estate, described in two separate tracts, situated in the town of Science Hill in Pulaski county, Ky., to secure the note. A part of one parcel of the real estate covered by the mortgage had theretofore been conveyed by Eastham to Emma Mize for which she executed to Eastham two notes for $150 each; and to further secure the $500 note, Eastham turned over these two notes to appellee and assigned his lien represented by the two notes to appellee.

In August, 1935, appellee brought this action in Pulaski circuit court against Eastham to recover on the $500 note and to foreclose his liens against the two parcels of real estate. It was also set out in the petition that C. M. Langdon claimed some interest in or lien on one of the parcels of the real estate included in the

mortgage and he was made a party defendant for the purpose of asserting his lien. C. M. Langdon filed his answer and cross petition asserting an execution lien against one parcel of the mortgaged real estate for the sum of $53.74. Robert Eastham filed no answer.

The court rendered judgment on the pleadings as we have indicated, and adjudged appellee a first lien on the mortgaged property to secure the payment of the $500 note and adjudged Langdon a second lien to secure the payment of his debt and ordered the property sold accordingly. The judgment and order of sale directed the commissioner to advertise the two parcels of real estate in the same advertisement but to describe them separately and also to have them appraised separately. The commissioner sold the two parcels of land separately and then as a whole. When they were sold separately Roscoe Morris bid $400 for one parcel and $100 for the other, and, when the two parcels were sold as a whole, appellee, plaintiff below, was the successful bidder at the price of $750. The commissioner made his report of sale in substance as we have indicated, to which report Roscoe Morris and C. M. Langdon both filed their respective exceptions.

While these exceptions were pending and before the court had ruled on them, the appellant filed with the clerk at rules her intervening petition to be made a party to the action. She alleged that she had an interest in the subject matter involved in the litigation and was the owner in fee simple of one of the parcels of real estate described in the mortgage from Robert Eastham to appellee, and which was sold by the commissioner. She further alleged, in substance, that at the time of the execution of the mortgage by Robert Eastham to appellee, Eastham was not the owner of the parcel of land described in her intervening petition, and included in the mortgage; that in September, 1931, Eastham had conveyed said parcel of land to Chauncey Eastham and H. C. Kennedy and thereafter Kennedy conveyed his interest to Chauncey Eastham and in December, 1934, Chauncey Eastham conveyed the whole parcel of land to her. She alleged that she and her predecessors in title, at the time of the execution of the mortgage by Robert Eastham to appellee, were the owners in fee simple of said parcel of land; but stated that at the time of the execution of the mortgage by Eastham to appellee none of the deeds mentioned above

were on record but that both Robert Eastman as mortgagor, and appllee as mortgagee, had actual knowledge of the fact that Eastham did not own said parcel of land and had no interest therein and knew that Chauncey Eastham and H. C. Kennedy were at that time the owners in fee simple of said parcel of land, and that Robert Eastham and appellee did conspire and agree between themselves to execute said mortgage for the purpose of perpetrating a fraud upon Chauncey Eastham and H. C. Kennedy and, therefore, said mortgage is void. She prayed that she be made a party defendant to the action and that the judgment theretofore rendered in favor of appellee be set aside, and for all proper and equitable relief to which she may appear entitled.

At the November, 1936, term of the court counsel for appellee objected to the filing of appellant's intervening petition and moved the court to strike same, which motion the court sustained and her petition was stricken from the record, to which ruling of the court she excepted and was granted an appeal.

Appellee does not question the sufficiency of the allegations of appellant's offered intervening petition. The sole argument of counsel is that, at the time appellant offered her intervening petition, a final judgment had been entered and it was then too late for her to be made a party to this action by way of an intervening petition, and, counsel treats the intervening petition as an action to set aside the judgment of the court, and cites, among other authorities, section 519 of the Civil Code of Practice. True it is, appellant prayed, among other things, that the judgment of the court be set aside, but she also prayed that she be made a party defendant to the then present action and for such relief to which she may appear entitled. The allegations of the intervening petition considered together with the prayer thereof, it is obviously one to be made a party to the action then pending and not for the sole purpose of vacating a final judgment of the court, as provided in sections 518, 519, and perhaps other provisions of the Civil Code of Practice. Appellee also cites the cases of Vanmeter v. Fidelity Trust & Safety Vault Company, 107 Ky. 108, 53 S. W. 10, 21 Ky. Law Rep. 744; Commonwealth v. First State Bank of Livingston, 251 Ky. 95, 64 S. W. (2d) 485, and various other cases. But an analysis of these cases discloses that the facts and

circumstances involved in them do not support appellee's position. In fact some of them rather support appellant's contention.

Section 29 of the Civil Code of Practice reads as follows:

"In an action or proceeding for the recovery of real or personal property, or for the subjection thereof to a demand of the plaintiff under an attachment or other lien, any person claiming a right to, or interest in, the property or its proceeds, may, before payment of the proceeds to the plaintiff, file, in the action, his verified petition, stating his claim and controverting that of the plaintiff; whereupon the court may order him to be made a defendant; and upon that being done, his petition shall be treated as his answer. But if he be a nonresident he must give security for costs."

It is our view that appellant's offered intervening petition comes clearly within the provision of the Code, supra. Appellee, plaintiff below, and C. M. Langdon are attempting to subject the property in question to a demand under their respective liens and, appellant claims a right to or interest in the property and offered her intervening petition before confirmation of the sale and order of distribution of the proceeds. It is true that the judgment entered fixed the respective liens of the parties, but the status of the judgment might have been changed upon a ruling by the court on the various exceptions filed to the commissioner's report. If at the time appellant offered to intervene in the case the sale had been confirmed and the proceeds thereof ordered distributed to those entitled thereto by final judgment of the court, and nothing remained to be done, except to carry out the directions contained in the judgment by the ministerial officer who was directed to do so, it would have been too late for appellant to intervene. Smith v. Jones, 226 Ky. 785, 11 S. W. (2d) 937. See, also, Vanmeter v. Fidelity Trust & Safety Vault Company, 107 Ky. 108, 53 S. W. 10, 21 Ky. Law Rep. 744; Murphy v. Cochran's Trustee, 80 Ky. 239.

It is also insisted for appellee that the rights of the appellant could not be affected by the judgment of the court, because if she owned the property she could recover same by a future action. This may be true, but section 29 of the Civil Code of Practice gives to her

the right to intervene in the present case, and the fact that some other remedy may have been available does not deprive her of the right to intervene in the present litigation. From what has been said it follows that the court erred in refusing appellant's intervening petition.

The judgment is reversed and remanded for proceedings consistent with this opinion.