CASE 22—PETITION ORDINARY—DECEMBER 21.

# Hazelrigg vs. Donaldson.

### APPEAL FROM FLEMING CIRCUIT COURT.

1. When an attachment has been levied, and the defendant has executed the bond with security authorized by the *Civil Code, (secs.* 242, 243,) the attachment is discharged by operation of law, and the obligors in the bond are bound unconditionally to perform the judgment of the court in the action. In an action to enforce the bond neither the sufficiency of the grounds for obtaining the order of attachment, nor the liability of the property levied on, can be made a subject of inquiry.

2. That the property attached belongèd to the surety in such bond, who offered to the sheriff the bond required by section 235 of the Civil Code, which he refused to accept, or to surrender the possession of the property, unless the surety would execute the bond authorized by sections 242, 243 of the Code *supra*, which he was thus coerced *to execute, and which he executed, not then understanding its legal effect,* does not exonerate him from liability upon it. [He might have presented his claim to the property in the action in which the order of attachment was obtained, or have brought an action against the sheriff to have recovered the possession of it, under the provisions of chapter 2, title 8, of Civil Code. *Argu.*]

3. *Duress*, according to its legal signification, is *personal* restraint, or fear of personal injury, or imprisonment. The withholding of a man's property illegally does not place him under fear or *duress*.

HAZELRIGG & PETERS, for appellant, cited *Civil Code, secs.* 243, 257.

H. W. BRUCE, for appellee, cited *Civil Code, secs.* 221, 242; 16 *B. Mon.*, 559; 18 *Ib.*, 553; 12 *Ib.*, 112.

CHIEF JUSTICE SIMPSON DELIVERED THE OPINION OF THE COURT :

In an action brought by Donaldson against Robertson, on a promissory note, the plaintiff filed an affidavit, and obtained an order of attachment, which, being delivered to the sheriff,

was executed by him by levying it on some slaves, and a small piece of land containing about eight acres.

Thereupon the defendant, Robertson, with Hazelrigg as his security, executed and delivered to the sheriff a bond, which reads as follows:

" JOHN DONALDSON,
   vs.
JNO. M. ROBERTSON. 

"We undertake and are bound to the plaintiff, John Donaldson, in the sum of three hundred and ninety-two dollars and eighty-six cents, that the defendant, John M. Robertson, shall perform the judgment of the court in this action."

And upon the execution of the bond, the sheriff surrendered the possession of the attached property.

A judgment against Robertson was afterwards rendered in the action; and an execution having issued thereon and been returned no property found, this action was brought by Donaldson to compel Hazelrigg, the surety in the foregoing bond, to comply with its stipulations, by paying the judgment the plaintiff had recovered against Robertson.

Two matters of defense were relied upon by Hazelrigg, both of which were adjudged insufficient by the court below, and a judgment rendered against him for the amount of the judgment against Robertson; and he has appealed to this court.

The first ground of defense relied upon was, that the property attached did not belong to the defendant in the action, but was the property of the surety in the bond.

This ground of defense was clearly untenable. The 242d section of the Civil Code authorizes the defendant, where an attachment has been levied on his property, to cause a bond to be executed to the plaintiff by one or more sufficient sureties, to be approved by the court, to the effect that the defendant shall perform the judgment of the court; and upon the execution of such a bond the attachment stands discharged; and restitution of the property taken under it is to be made. By section 243, the sheriff is authorized to take the bond, with the same effect upon the attachment as if executed in court.

When such a bond is executed, the attachment is discharged by operation of law, and the obligors in the bond are bound

unconditionally to perform the judgment of the court in the action. In an action to enforce the bond, neither the sufficiency of the grounds for obtaining the order of attachment, nor the liability of the property levied on to the attachment, can be made a subject of inquiry. As the execution of the bond has the effect to discharge the attachment, no question as to the validity of the attachment can afterwards be made in the cause; and as the court, after the bond is executed, has no longer any power or control over the property attached, no claim which any person may have to it can be investigated in the action. When the bond is executed, it stands in lieu of the attachment, and the action proceeds as if no attachment had ever issued.

The other ground of defense was, that the defendant offered to the sheriff such a bond as is required by the 235th section of the Code, and upon the execution of which it was the duty of the sheriff to have delivered the property attached to the person in whose possession it was found; but the sheriff refused to accept such a bond, or to surrender the possession of the property unless the defendant would execute the bond sued on, which he was thus coerced to execute, and which he executed, not then understanding its legal effect.

It is argued that this ground of defense presented a case of *duress*, which the defendant had a right to rely upon in avoidance of his bond. *Duress*, according to its legal signification, is *personal* restraint, or a fear of personal injury, or imprisonment. The withholding a man's property illegally does not place him under fear or *duress*. For such an injury the law affords him ample remedy. The defendant, if the property attached belonged to him, should have presented his claim to it in the action in which the order of attachment had been obtained; or he might have brought an action against the sheriff to have recovered the possession of it, under the provisions of chapter 2, title 8, of the Civil Code. That the defendant did not understand the legal effect of the bond when he executed it, does not exonerate him from liability upon it. Its stipulations are plain and explicit, and he does not pretend that the sheriff induced him to execute it by any false repre-

sentations as to its legal effect. This ground of defense was, therefore, also insufficient.

Wherefore, the judgment is affirmed.