CASE 24—PETITION EQUITY—JANUARY 29.

# Cook vs. Brandeis & Crawford.

APPEAL FROM LOUISVILLE CHANCERY COURT.

Where the vendee refuses to receive the thing bargained for, the vendor may consider it as his own, as if there had been no delivery, and recover the difference between the value at the time and place of delivery and the contract price; or he may sell it with due precaution and diligence, to satisfy his lien for the price, and then he may sue and recover only the unpaid balance of the contract price; or he may consider it as the property of the vendee, subject to his call or order, and then he re-

covers the full price which the vendee was to pay. In either case the election rests with the vendor—the vendee having violated his contract. The case of *Jackson, &c. vs. Thompson, (MS. opinion, January, 1855,)* so far as it contravenes these rules, is not deemed authoritative.

In a sale of a crop of wheat, at a specified price per bushel, the wheat to be a good merchantable article, and to be delivered as soon as it could be threshed, and it turned out to be not a good merchantable article; the fact that the vendee received a part of the crop—waiving the objection on account of the defect then noticed—did not operate to prevent his objecting to the remainder. The acceptance of a part was not an acceptance of the whole.

E. S. WORTHINGTON, for appellant, cited 2 *Chitty's Pleading*, 264–7; *Story on Sales, secs.* 314, 436; *Sedgwick on the Measure of Damages*, 282–9; 2 *Kent*, 504; *Parsons on Mer. Law*, 46; *Civil Code, sec.* 123.

W. T. HAGGIN, for appellees, cited *Story on Sales, chap.* 7, *secs.* 232, 239; *Ib., chap.* 1, *sec.* 1; *Story on Sales, secs.* 368, 380; 4 *Camp. Rep.*, 144; *Story on Contracts, secs.* 23, 24; *Story on Sales, secs.* 244–5; *Civil Code, sec.* 153.

CHIEF JUSTICE STITES DELIVERED THE OPINION OF THE COURT:

Cook made a contract with Brandeis & Crawford to sell them his crop of wheat for the year 1857, at the rate of one dollar per bushel; the wheat to be a good merchantable article, and to be delivered, as soon as it could be threshed out, at Cook's landing, on the Ohio river—Brandeis & Crawford to furnish the sacks.

Cook delivered two hundred and ninety-five bushels, which were received and, in part, paid for. The remainder he offered to deliver but it was refused; and, within a few days thereafter, he took it to market and sold it at a reduced price. Afterwards he brought his action against Brandeis & Crawford for the balance due upon what had been delivered, and also for the difference between the contract price and the price at which he sold it—alleging, in his petition, that he had used due diligence in making sale thereof, and had realized seventy-two cents a bushel, which he avers was, at the time of sale, a fair and reasonable price.

The defendants, below, admitted the contract, but denied that the wheat tendered was a good merchantable article—such as was contracted for—and resisted a judgment beyond

what was due for the balance of the wheat received. The circuit court refused Cook relief beyond the balance due on the wheat delivered, and of that refusal he complains.

Upon the hypothesis that the wheat tendered and refused was such as was bargained for, but little difficulty would be had in determining that appellant was entitled to the relief sought—it appearing that he had used due precaution and diligence in making sale of the wheat left on his hands.

In such case—that is, where the vendee refuses to receive the thing bargained for—the vendor may consider it as his own, as if there had been no delivery, and recover the difference between the value at the time and place of delivery and the contract price; or he may sell it with due precaution and diligence to satisfy his lien for the price, and then he may sue and recover only the unpaid balance of the contract price ; or he may consider it as the property of the vendee subject to his call or order, and then he recovers the full price which the vendee was to pay. In either case the election rests with the vendor—the vendee having violated his contract. These well settled rules are recognized by all the authorities—English and American. (2 *Kent.*, 504; *Sedgwick on Damages*, 282; *Story on Contracts*, sec. 812; 2d *Parsons on Contracts*, 483; *Chitty on Contracts*, 871.) And we may remark that the case of *Jackson, &c. vs. Thompson*, (*MS. opinion, January*, 1855,) so far as it contravenes these rules, is not deemed authoritative.

Here appellant alleges that he had used diligence and precaution in making sale of the wheat, and this, not being denied, must be taken as true, and would have entitled him not only to the balance due for the wheat received, but likewise to the difference between the price he obtained and the contract price, had the wheat tendered been such as was contracted for.

But that it was not good merchantable wheat is, in our opinion, clearly proved by the evidence of Wells, Hurin, Tait and Schwing. The statement of Wells is positive and direct on this point, and he is supported by the others who examined the article. The fact that he had received a part of the crop— waiving the objection on account of the smut then noticed—did not operate to prevent his objecting to the remainder. The

acceptance of a part was not an acceptance of the whole. (*Story on Contracts, chap.* 1, *page* 16, *sec.* 23.) Appellees were only bound by their contract to receive wheat of the quality stipulated ; and, consequently, were not answerable to appellant for any damages resulting from their refusal to receive wheat of inferior quality.

The judgment is *affirmed.*