JUDGE HARDIN
demveked the opinion of the court:
The appellees having brought an action against W. S. Inman, James Carr, and others, on a bill of exchange for nine hundred and forty-five dollars, on the 8th of November, 1867, sued out an attachment in the action against the property of said Inman and Carr, on the alleged ground that they were about to remove their property, or a material part thereof, out of this State, not leaving enough therein to satisfy the plaintiffs’ claim, or the claims of the defendants’ creditors; and the order of attachment was forthwith levied on the steamboat B. L. Hodge, No. 2, in which Inman owned an interest of one fourth; and, thereupon, said W. S. Inman and Wm. Inman executed the following bond in discharge of the attachment, which was accepted by the sheriff, and the boat released from the levy :
“We undertake and are bound to the plaintiffs, Strattan & Snodgrass, in the sum of nineteen hundred and ninety dollars, that the defendants, W. S. Inman and Jas. Carr, shall perform the judgment of the court.
“November 91h, 1869.
“ Wm. S. Inman,
“ Wm. Inman.”
Subsequently, the defendants filed their affidavit controverting the grounds of the attachment; and the cause having progressed to a trial, the court rendered a judgment for the plaintiffs for the debt claimed by them, and, overruling a motion to discharge the attachment, awarded a rule against William Inman, the surety in said bond, to show cause why he should not be compelled to perform the judgment of the court in the action; and from said last named order said William Inman has separately appealed, and W. S. Inman and Carr have appealed from the judgment.
*447 The rule against William Inman is not a final order, and the appeal prosecuted by him must, therefore, be dismissed for want of jurisdiction in this court.
On the other appeal, the first inquiry is, whether the execution of the bond for the performance of the judgment of the court, under the provisions of sections 242 and 243 of the Civil Code, was not a waiver of all objections to the validity of the attachment for the insufficiency of the grounds on which it was sued out ?
In Hazelrigg vs. Donaldson (2 Met., 445), this court decided that the execution of such a bond discharged the attachment by operation of law, and rendered the obligors in the bond unconditionally bound, to perform the judgment of court in the action; and that the sufficiency of the grounds for obtaining the order of attachment could not thereafter be inquired into.
According to this construction of the legal effect of the bond, it is obvious that the appellants were concluded by it from controverting the grounds of the attachment; and as it does not appear that the judgment for the appellees was, in any respect, erroneous, it must be affirmed.
Wherefore, on the appeal of W. S. Inman and Carr, the judgment is affirmed, and the appeal of William In-man is dismissed.