## Leet & Co. v. Green, et al.

(Decided January 21, 1913.)

### Appeal from Rowan Circuit Court.

Attachment—Claimant of Property Levied On Under—Action Upon Bond.—A claimant of property levied on under an attachment, who was a defendant to the action, having executed a bond that he would perform the judgment of the court, after he is defeated in the action, he and his sureties cannot, when sued on the bond, set up that by mistake he executed a bond for the satisfaction of the judgment intending only to execute a forthcoming bond.

E. HOGGE and J. W. RILEY, for appellant.

YOUNG & CLAY, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Reversing.

Leet & Company on December 30, 1903, instituted a suit against Jesse White to recover the purchase money for a sawmill and to enforce a lien upon the mill secured by mortgage. White had sold the mill to S. L. Green, and collected from him the price. Green was also made a party defendant to the suit. The plaintiff took out a special attachment which was levied on the mill in Green's possession. He thereupon, to retain possession of the mill, executed, with three sureties, the following bond:

"Rowan Circuit Court.        February 23, 1904.

"H. Leet & Co.

v.        Claimants Bond.

"Jesse White.

"The undersigned, S. L. Green, principal, and Geo. W. Stone, R. K. Green and M. M. Redwine, his sureties, undertake that S. L. Green will perform the judgment of the court herein stated.

"S. L. Green,
"Geo. W. Stone,
"R. K. Green,
"M. M. Redwine."

The bond was accepted by the sheriff and returned with the attachment to the court. White was a non-resident of the State and was proceeded against as such. The case proceeded to trial and on the final hearing, judgment was entered in favor of the plaintiff, and the attachment was sustained. Green appealed to this court and on the appeal the judgment was affirmed. (Green v. Leet, 128 S. W. 78.) Leet then brought this suit against Green and his sureties on the bond. They answered, alleging in substance that Green when the sheriff had attached the mill was willing to execute a forthcoming bond under section 214 of the Code of Practice, and was unwilling to give any other bond, that he and his sureties signed the bond in question, supposing that it was simply a forthcoming bond as provided for in that section, and being so assured by the sheriff; that the bond to perform the judgment of the court was given by mistake both on the part of the signers to the bond and of the sheriff who took it. The plaintiffs filed a demurrer to the answer; the circuit court overruled the demurrer. They then filed a reply denying its allegations and upon a hearing of the case before a jury, there was a judgment in favor of the defendants. The plaintiffs appeal.

Section 214 of the Code provides that the claimant of the property seized under an attachment may execute a bond in the presence of the sheriff with one or more sufficient sureties to the effect that the obligors are bound in double the value of the property that the defendant shall perform the judgment of the court in the action or that the property or its value shall be forthcoming and subject to the order of the court. Sections 221-222 of the Code provide that the defendant before judgment may execute a bond approved by the court, or in vacation in the presence of the sheriff having the order of attachment in his hands, to the effect that the defendant shall perform the judgment of the court and when this bond is executed, the attachment shall be discharged and restitution be made of any property taken under it. It has been held by this court in a series of opinions, that a bond executed under section 214 does not discharge the attachment, and is only an obligation for the forthcoming of the property; but that the bond provided for under sections 221-222 binds the defendant for the payment of the judgment. (Hazelrigg v. Donaldson, 2 Met. 445; Bell v. Western River Co., 3 Met., 557; Taylor v. Taylor, 3 Bush 118; Inman v. Stratton, 4 Bush 445.)

It will be observed that the bond executed here is simply a bond for the performance of the judgment of the court. No reference is made in it to the value of the property, and there is no provision in it for the forthcoming of the property. But it is insisted that the sheriff and the signers of the bond made a mistake and that this mutual mistake should be corrected. But it will be observed that Leet & Company were in nowise parties to the mistake. The sheriff had the attachment; he took and returned the bond. He was not the agent of Leet & Company in taking it. Green was party to the action and had a right to give the bond just as it was returned by the sheriff. Leet & Company proceeded with their action without any notice to them that a mistake had been made by the signers of the bond, or that the sheriff had misled them in any way. Under such circumstances Leet & Company are not to suffer for the mistake of the sheriff and the signers of the bond, if the sheriff did make a mistake. He is dead and his version of the transaction cannot be told. As a matter of fact, one of the signers of the bond is a distinguished lawyer, and aside from this, Green was represented by counsel in the equity case. If the sheriff had made a mistake, and the bond

had been given by mistake, it was incumbent upon him and his sureties in that action promptly to move for the correction of the mistake when the sheriff made his return. By the bond in question, the plaintiffs were prevented from taking any further steps under their attachment. They could not have the property placed in the hands of a receiver, and Green secured the right to keep and use the property. After all this, and after the determination of that action, it is too late for him or his sureties to set up that the bond was given by a mistake on their part. (McCormick v. Henderson, 10 R. 541.)

The circuit court should have sustained the demurrer to the answer and amended answer, and under the evidence should have instructed the jury peremptorily to find for the plaintiffs.

Judgment reversed and cause remanded for further proceedings consistent herewith.