## Dodson, et al. v. Powell, et al.

(Decided October 17, 1919.)

### Appeal from Wayne Circuit Court.

1. **Injunction—Cutting or Removal of Timber.—**In 1907 P conveyed to D a tract of land, reserving in the deed "certain timber to be marked with two hacks, and the right to leave the marked timber upon the land as long as first party may wish, except upon such part of the land as second party may wish to clear up, then the hickory timber shall be removed within five years." In 1916 P sold the marked hickory timber to B and D prevented B from removing it, claiming that the timber not having been removed within five years became his property under the terms of the deed. Held, that the intention of the deed was to allow P an unlimited time to remove the marked timber except where D might wish to clear the land, and on such land P was entitled to five years in which to remove the timber after receiving notice from D of his desire to clear said land, and that as no such notice had been given, P and B were entitled to injunction to prevent interference in the removal of the timber.

2. **Reformation of Instruments—Pleading.—**Appellants, by counterclaim, attempted a reformation of the timber reservation in the deed, but as neither fraud nor mistake was alleged in their pleadings, nor shown by their proof, they were not entitled to such relief.

3. **Logs and Logging—Sale and Conveyance of Timber Lands.—**Where the deed itself, in clear terms, fixed the time for the removal of the timber, proof of attendant circumstances and

conversations cannot be resorted to to vary the terms of the deed or contract. Such evidence may only be resorted to when the deed or contract is silent on the question.

4. Logs and Logging—Sale and Conveyance of Timber Lands.— Where plaintiffs did not deny defendants' allegation that such trees as were reserved by the deed had been marked in accordance with the deed, only the marked trees were involved upon the pleadings and the judgment in describing the timber only as that "referred to in the pleadings as being reserved in the deed," though not as clear as it might have been made, is not erroneous.

O. B. BERTRAM and J. C. DAVIS for appellants.

E. E. BELL and C. C. DUNCAN for appellees

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

In 1907 appellee, B. F. Powell, and his wife, conveyed to appellant, Billie Dodson, a certain tract of land by deed containing the following reservation:

"And further reserving and excepting all the chestnut oak and hickory timber, growing and standing upon said lands, which measures 10 inches in diameter and up. Said timber to be counted up and marked by two hacks of an ax, and that said first party may let the marked growing trees stand and continue to grow upon said land as long as first party may wish, except upon such part of the land as second party may wish to clear up, then the hickory timber shall be removed within five years. Reserving the rights of way in and over and across said land for the purpose of removing said timber."

In 1916 Powell sold the marked hickory timber to H. H. Battson, and when he started to remove same from the land appellants, Dodson and Charley Weathers, to whom Dodson had sold a portion of the surface of the land, stopped them and denied their right to the timber. Appellees then brought this suit to enjoin appellants from interfering with their removal of the timber from the land. Appellants answered denying plaintiffs' right to any of the timber under the deed, and pleading by way of counterclaim, on which they sought an injunction against appellees to prevent them from claiming or attempting to remove any of the timber from the land, and for damages for injuries already done, that the land was sold and conveyed by the deed from Dodson to Powell

"with the understanding and agreement that said timber should be cut and moved off of said lands within five years, and all that was not cut and removed within said time was to be the property of defendant Dodson," and that "it was the intention of the parties at the time said deed was executed and delivered that plaintiff, Powell, should have five years and no more for the removing of said timber from said land;" that after the execution of the contract the reserved trees were marked by Dodson, with Powell's consent, "as provided for in said deed;" that plaintiff had cut, hauled off and converted more than twenty trees at the value of $40.00. By reply plaintiff traversed the allegations of the counterclaim except as to the marking of the trees by Dodson as provided in the deed.

The proof was confined almost exclusively to the question as to whether or not the deed clearly set forth the parties' agreement with reference to the time in which the trees were to be removed, there being no conflict as to the fact that defendants refused to permit the removal of any of the timber.

The court upon submission dismissed the counterclaim and adjudged plaintiffs the owners of the timber "referred to in the pleadings as being reserved in the deed" from Powell to Dodson, and enjoined defendants from interfering with the removal of the same, from which judgment they have appealed.

Appellants, by their counterclaim, were attempting a reformation of the timber reservation in the deed, but as neither fraud nor mistake was alleged in their pleadings, nor as a matter of fact shown by their proof, they were clearly not entitled to have the instrument reformed; nor to any affirmative relief unless the terms of the reservation warrants their construction thereof, and that it does not do this could hardly be made plainer than by the reservation itself, because it expressly provides that appellee could let the marked timber remain upon the land as long as he liked, "except upon such part of the land as second party (appellant) may wish to clear up, then the hickory shall be removed within five years," which necessarily and clearly means within five years after the appellant had formed a desire to clear the land and notified appellee thereof, as the court adjudged.

As the time granted to appellees for the removal of the timber is clearly and in unambiguous terms fixed by the deed itself, appellants could not, of course, resort to proof of conversations and attendant circumstances to vary the terms of the deed. It is only when the deed or contract is silent on the question that such evidence may be resorted to to determine the time the parties had in contemplation, and the case relied upon by appellants (Ford Lumber Company v. Cornett, 146 Ky. 457) is not in point.

Since it was not even claimed by appellants that they or either of them had ever formed or given to appellees notice of a desire to clear the land from which they have prevented appellees from cutting the hickory timber, appellees clearly manifested their right to the injunction to prevent such interference.

The form of the judgment is also complained of upon the ground that plaintiffs' right and the injunction against defendants are not limited to such trees as were marked by Dodson with Powell's consent, in accordance with the provision of the deed, a short time after its execution. The judgment is not as clear as it might have been in this respect, as it describes the timber only as that "referred to in the pleadings as being reserved in the deed" from Powell to Dodson; but as plaintiffs did not deny the averment of defendants' answer that such trees as were reserved had been marked in accordance with the provisions of the contract within a reasonable time after its execution, it was only the marked trees that were involved upon the pleadings and the reservation in the deed only gave to Powell the right to let "marked growing trees stand and continue to grow upon said land as long as first party (Powell) may wish, except, etc.;" hence the judgment cannot be fairly construed to do more than establish plaintiffs' right to the marked trees and enjoin defendants from interfering with the removal of the same.

Wherefore the judgment is affirmed.