## Kirk v. Cassady, et al.

(Decided December 7, 1926.)

### Appeal from Martin Circuit Court.

1. Trespass—Wrongdoer, Sued for Trespass, Cannot Plead Title in Another.—Mere wrongdoer cannot plead title in another, when sued for trespass by one lawfully in possession.

2. Trespass—Defendant in Trespass May Justify Under Title of Landlord or Principal.—Where defendant in action for trespass is in privity with one who has title and right to possession, he may jusify under his landlord or principal.

3. Quieting Title—Trespass to Try Title—Answer Alleging Ownership in Another of All Lands Described in Petition Claiming Title and Possession Held Sufficient (Civil Code of Practice, secton 125, subdivision 2).—Answer alleging ownership in another of all lands described in petition claiming title and possession thereof, if considered as trespass to try title or suit to quiet title, held sufficient, as against contention that there was a failure to describe interference, as provided in Civil Code of Practice, section 125, subdivision 2.

4. Appeal and Error—Documentary Evidence Not in Record will be Presumed to Support Chancellor's Judgment.—Documentary evidence, considered by the chancellor, but not copied into the record on appeal, will be presumed to support his judgment.

5. Appeal and Error—Records in Former Cases, Identified by Order of Court, will be Presumed Copies.—Records in former cases, identified by order of court as copies of original record, will be presumed to be such.

6. Judgment.—Judgment Denying Title in Plaintiff Held Sufficiently Definite, as Determining Rights, where Alleged Owner was Not Before Court.—Judgment denying title or possession in plaintiff held sufficiently definite, as finally determining rights to title or possession, where alleged owner was not before the court.

J. B. CLARK for appellant.

W. R. McCOY for appellees.

Opinion of the Court by Judge McCandless—Affirming.

Claiming title and possession of a certain boundary of land, R. C. Kirk sued H. C. Cassady in equity for damages for cutting timber and asked an injunction against future trespasses. In their answer defendants admitted the cutting, traversed the allegation of title and possession, and in separate paragraphs affirmatively pleaded that they were acting as agents and tenants of Amos Cassady; that he was the owner and in possession of a described tract of land which embraced that claimed by defendant. They also pleaded and relied on the judgments in certain suits between the remote vendors of Kirk and Cassady as *res judicata* on the question of title. Much evidence was introduced and on final hearing the court adjudged that plaintiff had no title to the land in question and dismissed his petition. He appeals.

It is first urged that the court erred in not sustaining a demurrer to the affirmative pleas of the answer. We cannot agree with this contention. It is true that a mere wrongdoer cannot plead title in a third person when sued for trespass by the person lawfully in possession, but the above rule does not apply where the defendant is in privity with one who has title and right of possession. Such a person is not a wrongdoer and may justify under his landlord or principal. It is argued, however, that this is a suit for the recovery of land and that defendants failed to describe the interference as provided in subsection 2, section 125 of the Civil Code. The petition indicates that it is an action of trespass and for an injunction. Certainly it is not an action for ejectment, as possion is alleged in plaintiff. However, if it should be considered as trespass to try title or as a suit to quiet title, still, as the answer alleged ownership in Amos Cassady of all the lands described in the petition, it is sufficient in this respect. Paducah Cooperage Co. v. Paducah Veneer & Lbr. Co., 135 Ky. 53.

Both parties trace paper title to a patent for 200 acres issued to Sampson Kirk and Thomas Collingsworth on the 16th day of August, 1860. According to defendants' evidence there was a verbal division of this land between the parties, and Kirk's part, together with other lands owned by him, was sold under judgment of

the court in the suit of John M. Hampton v. Sampson Kirk in the Martin circuit court and deed made by the master commissioner to the purchaser, Phillip Cassady, on the 24th day of November, 1885. Phillip Cassady died intestate and his lands were partitioned in a suit in the Martin circuit court, and the land in controversy was embraced in the part allotted to Amos Cassady, to whom a commissioner's deed was executed on the 25th day of January, 1897. It is further claimed that the title to this particular property was involved in the suits of Sampson Kirk v. Phillip Cassady and Phillip Cassady v. Sampson Kirk, each of which was filed September 15, 1886, and both of which were decided in Cassady's favor; that one of these was appealed to this court and affirmed in an opinion reported in 12 S. W. 1239. These suits were pleaded as *res judicata* on the question of title, and it appears that copies of the original records therein were filed and considered as evidence in the court below, but neither is copied in the record on this appeal. The record in the Hampton suit was also considered and is transcribed on this appeal. It further appears from the evidence of the county surveyor who partitioned the lands of Philip Cassady and who was familiar with the lands in dispute, and to whom these various records were read on this trial, that the land in dispute was embraced in all of the above proceedings and deeds. Defendants also claimed that after his purchase, Phillip Cassady marked off the boundary claimed by him, and from that time to his death he had, and since his death his heirs have had possession thereof, some one living thereon continuously, which possession existed 15 years without a break, and during a part of that time the same parties have had tenants living on the part claimed by plaintiff, though for not as much as fifteen years. That since the division of Phillip Cassady's estate the agents of Amos Cassady have had undisputed control of all this boundary, and during some of the time plaintiff and his brothers and sisters rented a part of the land in dispute from him.

On the other hand, it appears that after he was ejected under a writ of possession by John Hampton on the 4th of March, 1886, to-wit, on June 20, 1888, Sampson Kirk executed a deed to Albert Kirk to certain lands, including one-half of the Kirk and Collingsworth patent. F. H. Yates and R. F. Vinson claimed an interest in those lands and brought suit against Albert Kirk for division.

Phillip Cassady was not made a party to that suit and division was had. The land in dispute was the portion allotted to Albert Kirk. Judgment was also awarded against him for one-half the costs, amounting to $40.00. For this execution issued and was levied on the land allotted him, and it was sold for such costs; not being redeemed within twelve months, deed was made to the purchaser's assignee, W. R. McCoy, by the sheriff on the 26th day of March, 1907. On the 27th of March, 1907, W. R. McCoy conveyed the land to the plaintiff, R. C. Kirk, in consideration of $1.00 and other good and valuable considerations. Plaintiff also contends that the land of which Sampson Kirk was dispossessed in the Hampton suit was embraced in a different patent and did not include the land in controversy. He also claims that he had been in possession of the lands purchased from McCoy since the date of his deed, and that Sampson Kirk and Albert Kirk held possession thereof prior to that date, though not actual occupancy of the lands in controversy. From the statement thus outlined it will be presumed that the missing records in the Cassady-Kirk cases were sufficient to uphold the judgment of the chancellor in decreeing that plaintiff had no title to the lands in controversy; also it clearly appears that he had no actual possession thereof. Such was evidently the conclusion of the chancellor in dismissing the petition without reference to the right of possession.

It is argued that the old records in the Cassady-Kirk cases were not properly identified and should not have been considered as evidence. However, they were identified by order of court as copies of the original record, and we must presume that they were such. It is next argued that the judgment is indefinite in not finally determining the rights of title or possession. It will be observed, however, that Amos Cassady was not before the court, and that judgment of the court was sufficient to deny title or possesion in plaintiff. We think this sufficiently definite to uphold the judgment.

Wherefore, perceiving no error, the judgment is affirmed.