## Fidelity and Deposit Company of Maryland v. Helm.

(Decided December 17, 1926.)

## Appeal from Warren Circuit Court.

1   Appeal and Error—Where Defendant had Not Superseded Judgment Recovered Against him, Plaintiff was Entitled to Enforcement of Judgment Pending Appeal (Civil Code of Practice, Section 747).—Where defendant against whom judgment had been recovered had not superseded judgment, plaintiff was entitled to enforcement of judgment while case was still pending in Court of Appeals, in view of Civil Code of Practice, section 747.

2.  Attachment—Obligor on Release Bond to Perform Judgment was Liable for Judgment, where Defendant Failed to Pay it (Civil Code of Practice, Section 221).—Where obligor executed bond to perform judgment to secure release of property attached under Civil Code of Practice, section 221, and defendant did not pay judgment, obligor on bond was bound to do so.

3.  Attachment—Where General Attachment was Issued, Obligor on Release Bond to Perform Judgment, Could Not Claim that Specific Attachment was Prayed for (Civil Code of Practice, Section 221).—Where general attachment was issued, and defendants executed bond to perform judgment to secure release of property attached, they could not later claim that specific attachment was prayed for, in view of Civil Code of Practice, section 221.

4   Constitutional Law—One Claiming Property Attached, Giving Bond to Perform Judgment, was Not Deprived of Property Without Due Process by Judgment on Bond (Civil Code of Practice, Sections 29, 214, 221).—Where one claiming property attached executed bond to perform judgment to secure release of property under Civil Code of Practice, section 221, where he could have executed forthcoming bond under section 214, and set up his rights under section 29, judgment on bond did not deprive him of his property without due process of law merely because he had no interest in controversy.

5.  Appeal and Error—Question of Liability of Obligor on Bond for Full Amount of Unsuperseded Judgment Held to Become Moot where Judgment Allowing Counterclaim had Been Affirmed.— Question of liability of obligor on bond to perform judgment to secure release of property attached, furnished by one claiming property, for full amount of judgment against L., where L. had recovered judgment on counterclaim, held to become moot by decision affirming judgment allowing counterclaim.

THOMAS, THOMAS & LOGAN for appellant.

RODES & HARLAN and W. B. GAINES for appellee.

·Opinion of the Court by Drury, Commissioner—
Affirming.

The appellee, whom we shall refer to as the plaintiff, sued the appellant, whom we shall call the defendant, for $4,925.00. He recovered a judgment for $3,650.00, from which the defendant has prosecuted this appeal, and the plaintiff has prosecuted a cross-appeal. In October, 1921, the plaintiff sued one Leader for $5,025.00 obtained an attachment and had it levied upon certain property as the property of Leader. This property was claimed by one M. Rosansky. Rosansky desired to sell this property, and to secure the release of this attachment, he and the defendant signed this bond:

> "We bind ourselves to the plaintiff, T. O. Helm, that the defendant M. Leader shall perform the judgment of the court in this action. Witness our hands this 8th day of March, 1922."

This bond was attested by the circuit clerk and the attached property was released. This action found its way to this court. See Helm v. Leader, 207 Ky. 69, 268 S. W. 841. After its return to the Warren circuit court, Helm recovered a judgment against Leader for $3,650.00; from that judgment he appealed to this court, because he did not get the entire $5,025.00 for which he sued, and Leader prosecuted a cross-appeal. That judgment we have this day affirmed upon both the original and the cross-appeal. After recovering the judgment for $3,650.00 and costs, Helm began this action, and has recovered on the bond copied above $3,650.00 and costs. The pleadings were numerous and complicated, many issues were raised, and upon every issue but one, Dr. Helm was successful. We can not better state the matters of which these parties are complaining than to adopt what they set out in the briefs filed. Counsel for Leader say:

> (a) "We shall insist that the court erred in overruling the special demurrer which appellant filed to the petition, the basis of this ground being that the case was still pending in the Court of Appeals and that the circuit court had no jurisdiction to proceed to trial at the time. In other words, this suit was prematurely brought.
> (b) "If we are in error in insisting on the first ground, we shall insist that the court erred in not

granting the appellant a continuance until the Court of Appeals should determine the correctness of the judgment entered in the Warren circuit court fixing the amount due Helm by Leader.

(c) "We shall insist that the court erred in holding that the bond executed by M. A. Rosansky and the appellant was an unconditional promise to pay any judgment rendered against M. Leader. We shall insist that the bond became a liability against appellant only in the event that it was held that the conveyance to M. A. Rosansky was fraudulent.

(d) "The bond was invalid because the prayer of the first amended petition in the case was for a specific attachment and there is no provision for the execution of such a bond where a specific attachment is issued. Also that the bond is invalid because it is not the character of bond which can be executed by a third party claiming attached property.

(e) "We shall insist that the judgment of the court deprives M. A. Rosansky of his property without due process of law in violation of the Constitution of the United States, and in violation of the provisions of the Constitution of the state of Kentucky, and that if the law should be construed, making a third party who has no interest in the controversy, responsible on a bond executed to release an attachment against his property, the law is unconstitutional and void."

Counsel for Dr. Helm have made this statement of the matters complained of on his cross-appeal.

(f) "We are asking this court to affirm the judgment of the lower court upon the direct appeal and to reverse it upon our cross-appeal upon the ground that we were entitled in this suit to recover of the surety on this bond the full amount of the unsuperseded judgment in favor of Dr. Helm against Leader. It is true the judgment of the lower court is that Leader may recover of Helm upon his counterclaim the sum of $1,275.00, and that this sum shall be credited upon the judgment in favor Helm as of Nov. 1, 1921. But when this last named judgment is superseded, the first judgment in favor of Helm, which is clear and distinct in itself, is left to be enforced by the legal process of the law. The lower

court should, therefore, be directed definitely and positively to render judgment in favor of Dr. Helm against appellant for the sum of $1,275.00. At the same time, the judgment that was actually recovered of appellant, to-wit: the sum of $4,925.00, less the sum of $1,275.00, should be affirmed.''

We shall now dispose of these questions. (a) Leader had never superseded the $3,650.00 judgment recovered against him, and Dr. Helm was entitled to the enforcement of his judgment. See section 747 of the Civil Code. (b) The above is an answer to this. (c) Rosansky had his choice, either to execute a forthcoming bond under section 214 of the Civil Code or a bond to discharge the attachment under section 221. He chose the latter, and the defendant signed with him. That bond discharged the attachment, and this defendant obligated itself thereby that Leader would perform the judgment of the court. The judgment of the court is that Leader shall pay Dr. Helm $3,650.00. He has not done so, and the defendant as an obligor on that bond must do so. The question of the good faith of the transfer of his property by Leader to Rosansky is not before us. The case of Leet v. Green, 151 Ky. 632, 152 S. W. 772, fits this case like a glove, and is controlling. It is fatal to the claim of the defendant.

(d) It makes no difference what sort of an attachment was prayed for, a general attachment was issued, and when Rosansky and defendant executed a bond to discharge it, they closed the door behind them, and can not now question the attachment. See cases cited under section 221 of the Civil Code.

(e) We are not impressed by this contention. Rosansky had his choice to claim this property, execute a forthcoming bond under section 214 of the Civil Code, and come into the case and set up his rights as is contemplated by section 29 of the Civil Code and as was done by Howard in the case of Schwein v. Sims, 59 Ky. (2 Metc.) 209, or to execute a bond to discharge the attachment under section 221 of the Civil Code. He chose the latter course, and he is bound by his election. If this deprives Rosansky of his property without due process of law, then every surety who has had to pay a debt for his principal has equally been so deprived.

(f)   This is now a moot question, and therefore not decided, for we have this day decided in the case of Helm v. Leader, that Helm was not entitled to this $1,275.00.

Therefore, this judgment is affirmed upon both the original and the cross appeal.