## Nunnelley v. Nunnelley, et al.

(Decided May 4, 1928.)

## Appeal from Pulaski Circuit Court.

Attachment.—Where rule required bondsman to appear and show cause why judgment should not be rendered on attachment bond, and bondsman appeared, but filed no response, which was unnecessary under Civil Code of Practice, sec. 449, and no motion was made, and several days later judgment was entered on bond, without bondsman being present or represented, held, that judgment was a nullity by reason of section 447, providing that, unless motion be made or entered on day specified in notice, it shall be considered as abandoned.

C. L. TARTER for appellant.

M. L. JARVIS for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

W. G. Nunnelley, the appellant, sought to enjoin the enforcement of an execution, and, not having obtained the relief sought, he has appealed.

Mrs. Nunnelley has had four separate and distinct legal proceedings. The first was an action for divorce against William Nunnelley, wherein she obtained the custody of the children that had been born to the parties, obtained a divorce and certain allowances for their support and alimony for herself. These sums were not paid, and therefore she began an action, under section 439 of the Civil Code, and procured an attachment, to secure the discharge of which the following bond was executed:

"We bind ourselves to the plaintiff Jewey Nunnelley that the defendant, Willie Nunnelley, shall perform the judgment of the court in this action.

"Willie Nunnelley.
"W. G. Nunnelley.

"July 31, 1926.
"Attest: W. F. Linville, Clerk."

On October 14, 1926, in this second action the court adjudged Mrs. Nunnelley entitled to the relief sought, thereby sustaining the attachment. This was action No. 2. No appeal has been prosecuted from either of these judgments, so they are behind us.

Upon the application of Mrs. Nunnelley, a rule requiring W. G. Nunnelley to appear in court at 9 a. m. on Monday, November 1, 1926, and show cause, if he could, why judgment should not be rendered against him on this bond was issued, and that was served on W. G. Nunnelley on October 16, which was more than 10 days before the time set for his appearance. This summary proceeding to enforce this bond was proceeding No. 3. At the appointed time and place, W. G. Nunnelley appeared, but no motion was made. He remained there all day, but filed no response. He did not have to do so. See section 449 of the Civil Code. On November 4, motion for a judgment on this bond was made and judgment entered, W. G. Nunnelley not being present or represented. An execution issued on that judgment. Thereupon W. G. Nunnelley began this action, which we have before us, and sought to enjoin collection of that execution, alleging in his petition the facts we have stated. Mrs. Nunnelley demurred to the petition. The court sustained her demurrer and dismissed W. G. Nunnelley's action. That was erroneous. If Mrs. Nunnelley failed to make her motion at the time and place specified in the notice, it must be considered as abandoned. See section 447, Civil Code. The judgment entered at a subsequent day, if the allegations of the petitions as amended be true, was a nullity. See Foster et al v. Wade, 61 Ky. (4 Metc.) 252.

The judgment is reversed, with directions to overrule this demurrer and for further proceedings consistent with this opinion.