## Nunnelley v. Nunnelley.

(Decided Dec. 2, 1932.)

M. L. JARVIS and H. C. KENNEDY for appellant.
B. J. BETHURUM and H. H. DENTON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN
—Reversing.

In June, 1925, the appellant, Jewey Nunnelley, was divorced from her husband, Willie Nunnelley, and was awarded the custody of their two infant children and alimony in the sum of $25 per month beginning the 1st

day of July, 1925. Her husband not paying the alimony, she had execution issued which was returned "no property found," and thereafter in July, 1926, she brought suit under section 439 of the Civil Code of Practice and procured an attachment which was served on Willie Nunnelley's employer, thereby tying up some $300 in wages due him. To secure the discharge of that attachment, Willie Nunnelley, with his father, W. G. Nunnelley, as his surety, executed a bond in accordance with section 221 of the Civil Code of Practice. An effort was made by the appellant to collect on that bond, which effort failed as may be seen by reading the case of Nunnelley v. Nunnelley, 224 Ky. 345, 6 S. W. (2d) 273. It was there held that the judgment which Mrs. Nunnelley, secured in the lower court against Willie Nunnelley and W. G. Nunnelley on the bond in question, was void. It may further be said that, so far as the present record discloses, the appellant secured no judgment of any character in the suit brought under section 439 of the Civil Code of Practice, in which the attachment issued to secure the discharge of which the bond above mentioned was executed.

In 1927, the appellant brought another nulla bona suit under section 439 of the Civil Code of Practice, and took out another attachment against the wages of her husband, Willie Nunnelley, this time tying up $100.30 due him from his employer. Again did Willie Nunnelley with his father as surety execute a bond under section 221 of the Civil Code of Practice, thereby releasing the sum attached. In September following, the court entered a judgment. After first reciting its rulings on the pleadings that had been filed, the court then adjudged:

"It is adjudged in action No. 586 that the plaintiff is entitled to the relief sought."

The judgment then recited the attachment, the sum of money which had been tied up thereby, the execution of the bond by Willie Nunnelley and his father on September 21, 1927, and then ordered a rule issued against W. G. Nunnelley requiring him to appear in court on the 6th day of December, 1927, to show cause, if any he had or could, why judgment should not be entered against him on the bond in question. The record shows that on the 6th day of December, 1927, no motion was made nor any action taken with regard

to the rule, but on December 7th a judgment was entered against W. G. Nunnelley, who was not present, for the sum of $100.30 on the bond, together with costs amounting to $17.20. Thereafter appellant had an execution issued on this judgment which was levied by the sheriff of Pulaski county on a black bull belonging to W. G. Nunnelley. The latter demanded that the sheriff require of the appellant an indemnifying bond on the ground that the execution was void because the judgment under which it issued was void. The sheriff pursuant to such demand required of appellant an indemnifying bond, which she executed with John Gregory as surety. Thereupon the sheriff proceeded with the sale under the execution and sold the bull for the sum of $126. The purchaser assigned his bid to W. G. Nunnelley for a profit of $10, so that W. G. Nunnelley got his bull back at a cost to him of $136. He then brought this suit against the appellant and the surety on her indemnifying bond to recover the damages which he claimed he had sustained because of the sale under the alleged void execution heretofore mentioned. By her answer, appellant traversed the claim of the alleged illegality of the sale, and in separate paragraphs set up two counterclaims, one in the sum of $300, which she claimed was due her from W. G. Nunnelley under the bond executed by him in July, 1926, to release the attachment at that time secured; and the other in the sum of $100.30, alleged to be due her from W. G. Nunnelley because of his suretyship on the bond executed in September, 1927, to release the attachment then secured. Pleadings made up the issues, and, after proof had been taken, the court entered a judgment for W. G. Nunnelley in the sum of $136 and dismissed appellant's counterclaims. She appeals.

We are of opinion that the judgment in favor of W. G. Nunnelley for the $136 was proper because the proceedings had heretofore by appellant in seeking judgment against W. G. Nunnelley on the bond executed in September, 1927, were not different from those condemned in the case of Nunnelley v. Nunnelley, supra, and therefore the judgment entered on December 7th was void.

This brings us to a consideration of the propriety of the court's ruling in dismissing the appellant's counterclaims. By the terms themselves of a bond executed pursuant to section 221 of the Civil Code of

Practice, the surety's liability does not accrue until a judgment in the action on which the attachment was sued out and the bond executed is entered against the principal in that bond. But, when such a judgment is entered against the principal in that bond, then the liability of the surety may be enforced, either by direct action on the bond, or by a summary proceeding as provided in chapter 5 of title 10 of the Civil Code of Practice. Fidelity & Deposit Co. of Maryland v. Helm, 217 Ky. 384, 289 S. W. 280; Civil Code of Practice, sec. 232.

It follows that, in so far as the appellant undertook to set up a counterclaim because of the claimed liability of W. G. Nunnelley on the $300 bond, the court's action in dismissing such counterclaim was plainly correct because, so far as this record discloses, the appellant has never secured any judgment against her husband, Willie Nunnelley, the principal in that bond, in the suit brought under section 439 of the Civil Code of Practice and in which the attachment was sued out and the bond in question executed.

However, as to the appellant's counterclaim on the bond executed to discharge the attachment wherein $100.30 wages due Willie Nunnelley were tied up, we are of the opinion that the court erred in dismissing it. It will be recalled that this attachment issued in a nulla bona suit brought pursuant to section 439 of the Civil Code of Practice. In such suit it is settled that a second personal judgment should not be rendered against the defendant. Shaw v. McKnight-Keaton Grocery Co., 231 Ky. 223, 21 S. W. (2d) 269, and cases therein cited. The purpose of such a suit is to enforce an existing judgment, and a judgment in such a suit should be attuned to that end. The judgment in this nulla bona suit adjudged, as we have set out above, that the plaintiff was entitled to the relief sought, which was the subjection of Willie Nunnelley's property to the satisfaction in whole or in part as far as it would go of the personal judgment theretofore obtained by the plaintiff against Willie Nunnelley, and which was the foundation of the nulla bona suit. It is true the judgment in the nulla bona suit did not specifically recite that the $100.30 tied up by the attachment and released by the bond in question should be applied on plaintiff's judgment against Willie Nunnelley. But the subjection of Willie Nunnelley's property to the satis-

faction of Jewey Nunnelley's judgment was the relief sought in her nulla bona suit, and, under the well-known rule that a judgment will not be held void for uncertainty if by a reference to the record its intended signification is made apparent (see Stuart v. Troutman's Adm'r, 6 Ky. Law Rep. 447; Dodson v. Powell, 185 Ky. 387, 215 S. W. 82; Caudill Coal Co. v. Charles Rosenheim & Co., 201 Ky. 758, 258 S. W. 315; Kirk v. Cassady, 217 Ky. 87, 288 S. W. 1045), the judgment in that nulla bona suit adjudging that the plaintiff was entitled to the relief sought was sufficient to subject this $100.30 to the satisfaction in part of Jewey Nunnelley's personal judgment in her divorce suit and so to put on Willie Nunnelley the duty of paying it, having secured its release by the execution of the bond in question.

We are therefore of the opinion that such a judgment was rendered in the nulla bona suit as that the liability of W. G. Nunnelley as surety on the bond in question accrued and could be enforced by summary proceedings or a direct action. As no valid judgment had ever been entered in the summary proceedings by which appellant undertook to collect in December, 1927, from the appellee on this bond, and those proceedings had lapsed, appellant was free to proceed by direct action to enforce such payment, and that is what she attempted to do by her counterclaim in this suit. It was a good counterclaim, and the court erred in dismissing it.

Judgment reversed, with directions to grant the appellant a new trial consistent with this opinion.