**COMMONWEALTH v. GEARY.**

Court of Appeals of Kentucky.

Jan. 23, 1953.

478

J. D. Buckman, Jr., Atty. Gen., C. J. Waddill, Jo M. Ferguson, Asst. Attys. Gen., T. H. Demunbrun, Brownsville, for appellant.

Rhodes Bratcher, Morgantown, W. D. Bratcher, Greenville, for appellee.

COMBS, Justice.

The Highway Department constructed Highway No. 70 in Edmonson county through a leasehold upon which plaintiff, Cletus Geary, was operating a stone quarry. In this suit for damages the jury returned a verdict for Geary in the amount of $4,000. The Commonwealth appeals.

The farm on which the quarry is located is owned by a widow, Millie Luttrell, and her four children, Mrs. Luttrell holding a dower interest. Geary's lease, designated a contract, is dated February 19, 1946 and was executed by Mrs. Luttrell alone. The instrument was recorded in the county court clerk's office on May 13, 1946 in the Lis Pendens Book. A deed to the State Highway Department for a highway right-of-way was executed by Mrs. Luttrell and three of her children on May 30 of the same year. A deed from the fourth child, an incompetent, was approved by the court the following month. The Commonwealth contends the lease signed only by Mrs. Luttrell did not pass to Geary sufficient title to enable him to maintain this action. He contends, on the other hand, that the property had been assigned as dower to Mrs. Luttrell by oral agreement with her children, and that he has a valid lease. The farm, consisting of some 65 acres of rough, unproductive land upon which the leasehold is located, descended to Mrs. Luttrell and her children upon the death of her husband in 1918. The widow has continued to live on the farm since her husband's death, and no steps have been taken to partition the land or allot dower. She has treated the farm as her own and has cultivated the tillable land from year to year with the apparent acquiescence and consent of her children. On two or three prior occasions she executed leases on the rock quarry and retained for herself the royalties received under the leases. We find no evidence that there was ever any express agreement between the widow and her children either in regard to her use of the farm or as to allotment of dower. On the contrary, it seems that the children merely acquiesced in their mother living on the farm and keeping for her own use such benefits as she could derive from it. An oral agree-

ment by the incompetent son would not be binding as to him in any event. We conclude the widow had no legal right to lease the stone quarry, and that plaintiff's title to the leasehold is defective. Collins v. Lemaster's Adm'r, 232 Ky. 188, 22 S.W.2d 567; Beach v. Hopperton's Ex'r, 303 Ky. 272, 196 S.W.2d 894.

■ Geary makes some contention that he can maintain this action regardless of the validity of his lease. He relies on the line of cases which hold that trespass is a possessory action and the trespasser cannot defend on the ground that plaintiff's title is defective. Norfolk & W. Ry. Co. v. McCoy, 250 Ky. 190, 61 S.W.2d 1080; Wilburn v. N. Jeffico Coal Co., 272 Ky. 749, 115 S.W.2d 288; Drane v. Graves, 261 Ky. 787, 88 S.W.2d 927. It may be conceded that this is the rule as between one in possession of real estate and a trespasser without claim of title. It may also be conceded that this is essentially an action in trespass, although in view of the prohibition against a citizen suing the state for a tort except in certain instances not pertinent here, the courts travel a somewhat circuitous route and justify a recovery on the theory of property taken without just compensation. Kentucky Constitution, section 13; Department of Highways v. Corey, Ky., 247 S.W.2d 389; Commonwealth v. Kelley, 314 Ky. 581, 236 S.W.2d 695; Lehman v. Williams, 301 Ky. 729, 193 S.W.2d 161; Ky. Game and Fish Commission v. Burnette, 290 Ky. 786, 163 S.W.2d 50; Ky. State Park Commission v. Wilder, 256 Ky. 313, 76 S.W.2d 4. But where, as here, the defendant enters on the premises under claim of title, he may justify the entry by showing legal title in himself. Prosser on Torts, Sec. 13; 52 Am.Jur., Trespass, Sec. 38; Kirk v. Cassady, 217 Ky. 87, 288 S.W. 1045; Stillwell v. Duncan, 103 Ky. 59, 44 S.W.2d 357, 39 L.R.A. 863.

There is no contention the Department does not have legal title to the right-of-way on which the highway is constructed. Having legal title to the land, it had the right to construct the highway. The right-of-way deed carries with it the right in the Department to use the land in such manner as is reasonably necessary in the construction and maintenance of the highway and the consideration for the deed covers such incidental damages as might be incurred in the proper use of the right-of-way.

The judgment is reversed for proceedings consistent with this opinion.