# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

# $\mathfrak{Supreme\ Court\ of\ Kentucky}$

## 2007-SC-000284-MR

BILL HARDY                                   APPELLANT

V.                    ON APPEAL FROM COURT OF APPEALS
CASE NO. 2006-CA-002603-OA
FAYETTE CIRCUIT COURT NO. 05-CI-03390-OA

HON. PAMELA GOODWINE
(JUDGE, FAYETTE CIRCUIT COURT)
ET AL                                       APPELLEES

### MEMORANDUM OPINION OF THE COURT

### AFFIRMING

Appellant, Bill Hardy, appeals as a matter of right from the Court of Appeals' denial of his petition for a writ of prohibition. In his petition, Appellant argues that Appellee, Fayette Circuit Court Judge Pamela R. Goodwine, was without jurisdiction over claims asserted by the real parties in interest, Dermot Halpin and Hilary Halpin (the Halpins). The Court of Appeals denied the petition on grounds that the circuit court had jurisdiction. This appeal followed.

Appellant argues that the circuit court lacks subject matter jurisdiction because the Halpins' claims are unripe, and that the Court of Appeals abused its discretion in denying his petition for a writ of prohibition. For the reasons set forth herein, we affirm.

# I. FACTS

This matter involves a discussion of two cases brought in the Fayette Circuit Court. In the first case, the Halpins alleged that Appellant and others violated the Kentucky Consumer Protection Act during the sale and installation of home electronics equipment. The Halpins prevailed and were awarded a money judgment, which was appealed. On appeal, the Court of Appeals reversed and remanded for a new trial.

Prior to reversal of the first case, the Halpins were unsuccessful in their attempts to collect on the judgment. Accordingly, they brought a second action against Appellant, Susan Hardy (his wife), and E. David Marshall (his attorney), again alleging fraud. This time, the Halpins claimed that Appellant fraudulently shielded his assets to hinder attempts to collect on the judgment awarded in the first case.

Appellant moved to dismiss the second case for lack of subject matter jurisdiction. According to Appellant, the Halpins' claims are unripe because they relate to the first case that remains pending on appeal and subject to reversal. The circuit court initially granted Appellant's motion to dismiss, but later vacated the decision.

Appellant's petition for a writ of prohibition followed. The Court of Appeals denied the petition on grounds that the circuit court had jurisdiction and that Appellant has an adequate remedy by appeal. Appellant then appealed to this Court as a matter of right.

2

## II. ANALYSIS

Appellant argues that Appellee acted outside of her jurisdiction in denying his motion to dismiss the second case. According to Appellant, the Halpins' claims have not accrued and are therefore unripe because they relate to the first case which has been reversed. Accordingly, Appellant contends he is entitled to a writ of prohibition pursuant to CR 76.36, on the basis that the circuit court is without jurisdiction. We disagree.

"A writ of prohibition is an extraordinary remedy and should only be granted in exceptional circumstances." James v. Shadoan, 58 S.W.3d 884, 885 (Ky. 2001) (citing Bender v. Eaton, 343 S.W.2d 799, 800 (Ky. 1961)). The standard for issuing a writ of prohibition is as follows:

> A writ of prohibition *may* be granted upon a showing that (1) the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court; or (2) that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted.

Hoskins v. Maricle, 150 S.W.3d 1, 10 (Ky. 2004). We review the Court of Appeals' decision to deny the writ for abuse of discretion. Id. at 5 ("whether to grant or deny a petition for a writ is not a question of jurisdiction, but of discretion").

In support of his argument that the circuit court lacks subject matter jurisdiction, Appellant cites Doe v. Golden & Walters, PLLC, 173 S.W.3d 260 (Ky. App. 2005), for the proposition that tort claims

3

purporting to relate to a judgment that remains pending on appeal are not ripe for adjudication. Doe involved a series of federal civil rights class actions against the Lexington-Fayette Urban County Government. Claims of the latter-filed class actions were dismissed as time-barred. Members of the class actions which were dismissed filed a class action in state court against the plaintiffs of the earlier-filed, non-time-barred class actions, their attorneys, and the attorneys' law firms, alleging legal malpractice, breach of fiduciary duty, and fraudulent misrepresentation. The Court of Appeals held that the circuit court lacked subject matter jurisdiction over the claims.

We agree with the Court of Appeals that Doe is not controlling here. Doe primarily addressed ripeness as it relates to legal malpractice. At issue in that case was when the damages for legal malpractice become fixed and non-speculative. When an attorney is alleged to have committed litigation malpractice, "whether the attorney's negligence has caused any injury or damages necessarily is contingent on the final outcome of the underlying case" and "[a]ny alleged injury is merely speculative until the result of the appeal of the underlying litigation is final and the trial court's judgment becomes 'the unalterable law of the case.'" Id. at 271. Thus, we conclude that the Doe holding is limited to prematurely-filed claims. In the present case, the injury was not speculative because any damages caused to the Halpins occurred when Appellant's alleged fraudulent conduct rendered them unable to collect on the judgment.

4

Kentucky law makes it clear that an appellant who fails to file a supersedeas bond does so at his own risk and that execution may proceed. CR 60.03(1), Fidelity & Deposit Co. of Maryland v. Helm, 217 Ky. 384, 289 S.W. 280 (1926). Since Kentucky law makes it clear that the holder of a judgment on appeal is entitled to seek enforcement of that judgment if no supersedeas bond has been filed, efforts to enforce such judgments are "ripe" and constitute a "justiciable controversy."

Therefore, the Halpins' claims are ripe for adjudication and within the circuit court's general jurisdiction. See Ky. Const. § 112(5); KRS 23A.010(1). Appellant is not entitled to a writ of prohibition because he has failed to show that the circuit court is without jurisdiction or that he will be irreparably injured by denial of the relief. See Hoskins, 150 S.W.3d at 10. Accordingly, we conclude that the Court of Appeals did not abuse its discretion in denying his petition.

### III. Conclusion

For the foregoing reasons, we affirm the Court of Appeals' denial of Appellant's petition for a writ of prohibition.

Minton, C.J.; Cunningham, Schroder, Scott, Venters, JJ., and Special Justice Douglas H. Morris and Special Justice William Graham, concur. Abramson and Noble, JJ., not sitting.

5

COUNSEL FOR APPELLANT:

Robert Lee Abell
271 W. Short Street, Suite 500
P.O. Box 983
Lexington, KY 40588-0983

COUNSEL FOR APPELLEE:

Pamela R. Goodwine
Fayette District Court
150 N. Limstone St, 5th Fl.
Lexington, KY 40507

COUNSEL FOR REAL PARTIES IN INTEREST:

Thomas Dulaney Bullock
Bullock & Coffman, LLP
234 N. Limestone Street
Lexington, KY 40507-1027